477 A.2d 552

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Charles E. WISE, Jr.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1983.

Filed June 22, 1984.

Theodore B. Smith, III, Assistant District Attorney, Carlisle, for Commonwealth, appellant.

Edward Guido, Public Defender, Carlisle, for appellee.

Before MONTEMURO, WATKINS and CERCONE, JJ.

PER CURIAM:

The Commonwealth has appealed the order of the lower court which granted the petition of appellee, Charles E. Wise, Jr., to withdraw his guilty plea, pursuant to Pa.R. Crim.P. 320.[1] For the reasons which follow, we are constrained to quash this appeal as interlocutory.

Appellee was charged with three counts of theft by failure to make required disposition of funds and with one count of theft by unlawful taking.[2] The charges arose out of appellee's employment as a used car salesman, whereby he is alleged to have sold three cars and failed to turn over the full amount received from the sale of the cars to his employer. On September 28, 1981, appellee entered a plea of guilty to one count of theft by failure to make required disposition of funds. It was agreed that $836.10 was the proper amount of restitution. A presentence report was ordered. Prior to sentence, appellee petitioned the court to

1. At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

2. 18 Pa.C.S.A. §§ 3927; 3921.

withdraw his plea of guilty; in doing so, he asserted his innocence and proffered a defense. After a hearing on March 9, 1982, the court permitted the withdrawal of the plea and appellee was directed to appear for trial on May 10, 1982. However, on March 29, 1982, the Commonwealth appealed the court's order, citing in its Statement of Jurisdiction our authority under 42 Pa.C.S.A. § 742. Appellee urges us to quash the appeal as interlocutory.

Section 742 of the Judicial Code confers exclusive appellate jurisdiction in this Court of appeals from final orders of the Courts of Common Pleas. Pa.R.A.P. 341(c) states that an appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law. However, as "final order" has been defined, we are unable to include a Commonwealth appeal from a court's order granting a defendant's petition to withdraw his guilty plea prior to sentence as an example of a "final order". An order is a "final order", so as to be appealable, if it ends the litigation or disposes of the entire case. *Esh v. Awglis*, 291 Pa.Superior Ct. 528, 436 A.2d 242 (1981). This is not the result of the order from which the Commonwealth appeals. Unlike the situation wherein a trial court grants all or part of a suppression motion, thereby substantially handicapping the Commonwealth and necessitating review by this court, as in *Commonwealth v. Lapia*, 311 Pa.Superior Ct. 264, 457 A.2d 877 (1983), in the instant case, the Commonwealth concedes it is not even prejudiced by the court's order, unless we accept the Commonwealth's contention that a seven month delay occasioned by the plea withdrawal is prejudice *per se*. This we cannot do absent a result that effectively puts the Commonwealth out of court. *See Commonwealth v. Mosley*, 283 Pa.Superior Ct. 28, 423 A.2d 427 (1980).[3]

3. Jurisdiction of the Commonwealth's appeal, which was also from a pre-sentence withdrawal of a guilty plea, was not an issue in that case. However, it is likely that it was an interlocutory appeal under the "exceptional circumstances" principle of *Commonwealth v. Swanson*, 424 Pa. 192, 225 A.2d 231 (1967), a situation now covered by Pa.R.A.P. 312. *See Note*, Pa.R.A.P. 311.

Nor is the instant situation listed in Pa.R.A.P. 311, Interlocutory appeals as of right. The Commonwealth argues in its reply brief that section (a)(5), New trials, is applicable herein. We cannot agree that the lower court's granting a defendant his motion to withdraw a guilty plea prior to sentence is akin to the award of a new trial, as such a withdrawal after sentencing would be. *See Commonwealth v. Burno*, 310 Pa.Superior Ct. 564, 456 A.2d 1080 (1983) and *Commonwealth v. Nelson*, 319 Pa.Superior Ct. 66, 465 A.2d 1056 (1983).

Rather, the Commonwealth should proceed in these situations pursuant to Pa.R.A.P. 312, Interlocutory appeals by permission.

Thus, we quash the appeal.