557 A.2d 1073

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**William ROMOLINI, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 30, 1988.

Filed April 14, 1989.

118

Norman Gross, Assistant District Attorney, Philadelphia, for the Com., appellant.

Leonard D. Sosnov, Assistant Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, BROSKY and MONTEMURO, JJ.

CAVANAUGH, Judge:

This is an appeal by the Commonwealth from an order of the lower court granting appellee-William Romolini's petition for parole. The Commonwealth contends that the granting of parole was error since appellee had not yet begun to serve his sentence at the time parole was granted. It argues that the lower court erroneously relied upon calculations provided by prison authorities concerning appellee's minimum release date.

The order in question was entered by the Honorable Albert W. Sheppard, Jr. on December 21, 1987. It granted parole to appellee, effective July 2, 1987, upon a judgment of sentence rendered on April 15, 1986. The Commonwealth filed a timely appeal.

Appellee has a lengthy criminal record, which includes contacts with the criminal justice system beginning at the age of nine years and a history of drug abuse. He was twenty-five years old at the imposition of the instant sentence and had received nine juvenile adjudications, two adult convictions, and had several outstanding matters both in Pennsylvania and New Jersey.

On October 23, 1985 appellee began to serve a sentence for burglary imposed by the Honorable Theodore S. Gutowicz. Subsequently, on November 6, 1985, he was found guilty of the offenses charged in the instant case [1] by Judge Sheppard. Sentence was deferred pending preparation of a presentence report. On January 2, 1986, Judge Sheppard sentenced appellee to eleven and one-half to twenty-three months imprisonment in the county prison to be served consecutively to the sentence of Judge Gutowicz.[2] After

---

1. 18 Pa.C.S. § 3921, Theft by Unlawful Taking; 18 Pa.C.S. § 3925, Receiving Stolen Property; 18 Pa.C.S. § 3928, Unauthorized Use of a Vehicle.

2. The order signed by Judge Sheppard states that the sentence is consecutive to a sentence imposed by Judge *Anderson,* however, the

the Commonwealth filed a petition for modification, Judge Sheppard vacated the sentence on January 16, 1986, and the matter was subsequently heard on April 15, 1986. At that time, Judge Sheppard reimposed the original sentence of January 2nd.

On April 8, 1986, appellee appeared before the Honorable Herbert P. Cain for a violation of parole hearing on yet a third case. Judge Cain found appellee to be in violation of parole and ordered appellee to serve the remainder of his sentence, which was twenty months and fourteen days in the county prison. At the time of the reconsideration hearing on April 15, 1986, before Judge Sheppard, defense counsel informed the court of the action taken by Judge Cain at the violation of parole hearing.

On December 24, 1986 appellee was paroled on the sentence imposed by Judge Gutowicz. Nearly a year later, on December 10, 1987, appellee filed a petition for parole upon the instant sentence of Judge Sheppard. Hearings were held on December 17 and 21, 1987. Judge Sheppard, in reliance upon calculations supplied by the county prison authorities, determined that appellee's minimum parole date was July 2, 1987, and, consequently, he granted parole effective that date. Judge Sheppard made clear on December 21st that he considered the computations of the prison authorities to be binding upon him since their preparation was a function of the executive branch of government.

In his opinion dated March 3, 1988, Judge Sheppard repeats the proposition that the doctrine of separation of powers requires his acceptance of the prison authorities' minimum release date:

It was proper for this Court to rely upon the "minimum parole date" calculated by the Philadelphia County prison authorities. Indeed, this Court believes that it would have been inappropriate, on the basis of these pleadings and matters of record, to make an independent evaluation

parties agree that the proper reference is to the sentence of Judge Gutowicz.

of the applicable "parole date" and unilaterally overrule the prison authorities.

In this regard, it is important to recognize that this Court was not presented with a Writ of Mandamus to compel the Philadelphia County prison authorities to recompute the manner in which defendant was to serve the balance of the two sentences, as was the situation in *Com. v. Ferrer*, 319 Pa.Super. 152, 465 A.2d 1275 (1983). Instead, here, before the Court was simply defendant's Petition for Parole, asking that parole be granted based upon those calculations prepared by the prison authorities. The undersigned submits that, under such circumstances, it would have been a violation of the separation of powers for this Court to substitute unilaterally its thinking for that of the executive branch, that is, the prison authorities.

The Commonwealth did not present any authority to substantiate its contention that this Court had the power conferred upon it to so act in the context of this case.

The Pennsylvania Constitution separates the powers to be exercised by officials into three categories. It provides: "The legislative power of this Commonwealth should be vested in a General Assembly ..." Article II, Section 1; "The Supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed ..." Article IV, Section 2; and "The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court" and other designated courts and justice of the peace. Article V, Section 1. By specifically designating where each of these three powers is vested, the Constitution separates each from the other. The efficient operation of government depends upon each branch cooperating with the other.

Lower Court Opinion, at 5–6.

On appeal, the Commonwealth argues that appellee could not be legally paroled on July 2, 1987, on the Sheppard sentence until the termination of the Cain sentence on

December 22, 1987. It cites a prohibition against the concurrent service of backtime and front-time sentences as the basis for a finding of error by Judge Sheppard. Since the Cain sentence was imposed on April 6, 1986, it precedes, therefore, the Sheppard sentence imposed on April 15, 1986. As such, until Judge Cain's sentence was served in its entirety, appellee could not commence serving Judge Sheppard's sentence. And, it is argued, until the commencement of Judge Sheppard's sentence, appellee could not be paroled on it.

The Commonwealth attributes to the Philadelphia prison authorities the regular practice of miscalculating the minimum release dates of prisoners who are serving multiple county sentences. It urges us to address this alleged practice whereby prisoners are released earlier than they are entitled due to the computations which allow for concurrent serving of sentences after there has been a finding of violation of parole. The Commonwealth characterizes Judge Sheppard's granting of parole as an acquiescence to the violation by prison officials of the legal requirements that county sentences are subject to the same prohibition against serving front and back-time as are state sentences. *See* 61 P.S. § 331.21a.

Preliminarily, appellee raises several bases upon which he argues that the appeal should be dismissed or quashed. He contends as follows:

1. An order granting parole is not a final order;
2. The Commonwealth appeal is prohibited by Pa.R.A.P. 341(c) because an appeal is not provided by law;
3. The order granting parole was discretionary and therefore does not present a pure question of law;
4. The Commonwealth's claim is a challenge to the judgment of sentence which was waived by not appealing from that judgment;
5. The appeal challenging a judicial order must be dismissed where it is a challenge to the sentence computation by prison authorities.

If any one of these grounds challenging the exercise of jurisdiction by this court has merit, then the appeal must be either dismissed or quashed. Upon thorough examination, we conclude, however, that we do have jurisdiction over this appeal.

Appellee argues that the order granting parole is not final because it is "neither the termination of the defendant's sentence nor the final determination of his status with respect to where he is to serve the sentence." Brief for Appellee, at 11–12. A final order is one which ends the litigation or disposes of the entire case. *Commonwealth v. Wise*, 328 Pa.Super. 491, 477 A.2d 552 (1984). Where an order has the practical effect of precluding the party from further litigation of the claim, it is considered final for purposes of appellate review. *Philco Corporation v. Sunstein*, 429 Pa. 606, 241 A.2d 108 (1968); *Richards v. Trimbur*, 374 Pa.Super. 352, 543 A.2d 116 (1988). The order at issue is final because the lower court has concluded its treatment of appellee's petition for parole. Its involvement with the issue of appellee's entitlement to parole upon its sentence has ended, and there exists no further proceedings at which the Commonwealth may pursue any claim relating to the granting of parole. Although appellee is still serving his sentence while on parole and may be subject to violation of parole, the question of eligibility for parole, effective July 2, 1987, has been finally determined. Therefore, we find that the order appealed from is final.

The next argument relating to jurisdiction is that the Commonwealth has no right to take an appeal in a criminal case except where expressly allowed by statute or by decisions of the Supreme Court. Pursuant to Pa.R.A.P. 341(c), an appeal may be taken by the Commonwealth from a final order only in circumstances provided by law. Appellee contends that the instant appeal is not provided for by law.

As noted by appellee, *Commonwealth v. Coleman*, 367 Pa.Super. 108, 532 A.2d 477 (1987) held that express statutory authority is not necessary for all Commonwealth appeals. Appellee would limit its holding to appeals that have

been explicitly allowed by the state Supreme Court. The order in question in *Coleman* was the granting of a motion in arrest of judgment. This court determined that based upon 175 years experience, "appeals from orders in arrest of judgment and similar issues of law," *Id.*, 367 Pa.Superior Ct. at 118–119, 532 A.2d at 482, needed no statutory authorization. We follow *Coleman* and determine that the order in question is properly before us on appeal. Other than *Coleman*, appellee has cited no authority in support of this argument. However, there is authority of this court allowing the Commonwealth to appeal the order of a lower court granting parole. *Commonwealth v. Harradine*, 148 Pa.Super. 451, 25 A.2d 576 (1942). In that case, the Commonwealth filed an appeal from an order granting parole by a Common Pleas Court on the grounds that the court had no jurisdiction to enter the order. We decline to limit the appealability of parole orders to situations where jurisdiction is challenged. Rather, as stated in *Commonwealth v. McDermott*, 377 Pa.Super. 623, 547 A.2d 1236 (1988) (opinion by Kelly, J., Beck and Popivich, JJ. concurring in result), appeals from Common Pleas Court parole orders are within the exclusive jurisdiction of the Superior Court. Although the issue in that case was whether Superior Court or Commonwealth Court had jurisdiction over a revocation of parole order entered by a Common Pleas judge, we are convinced that the final order involved in this case may be properly appealed to this court. The law allows this appeal, see *Harradine, supra,* and we are not free to disregard a properly filed appeal from a final order.

■ The next argument relating to the appealability of the lower court order is that since the decision to grant parole is committed to the discretion of the Common Pleas judge, it is not a pure question of law and not appealable. We agree that the grant or denial of parole is a discretionary act. *Commonwealth v. Fair*, 345 Pa.Super. 61, 497 A.2d 643 (1985). However, the exercise of discretion by the Courts of Common Pleas is subject to appellate review under an abuse of discretion standard. Common Pleas

courts are not unfettered from appellate scrutiny in the application of their discretion.

While the granting of parole is a matter of discretion, a legal error may be committed in the course of arriving at the decision. For instance, it is beyond the power of the Common Pleas Court to order that parole become effective on a date prior to the date sentence is actually imposed. *Patrick v. Pennsylvania Board of Probation and Parole*, 110 Pa.Comm. 121, 532 A.2d 487 (1987); *Fleegle v. Pennsylvania Board of Probation and Parole*, 110 Pa.Comm. 227, 532 A.2d 898 (1987), petition for review denied, 518 Pa. 614, 540 A.2d 535 (1988). If the lower court were to reach such a conclusion, this court would have the jurisdiction and authority to reverse on appeal.

The judicial system is dependent both upon the latitude given a trial judge in making initial rulings and upon appellate review utilizing the appropriate standard of review.

The availability of the appellate process assures the decision-makers at the first level that their correct judgments will not be, or appear to be, the unconnected actions of isolated individuals, but will have the concerted support of the legal system; and it assures litigants that the decision in their case is not prey to the failings of whichever mortal happened to render it, but bears the institutional imprimatur and approval of the whole social order as represented by its legal system.

P. Carrington, D. Meador, M. Rosenberg, *Justice on Appeal*, at 2 (1976).

These considerations of appellate review are applicable to the grant or denial of a petition for parole.

Eligibility for parole is a legal question which requires an examination of the facts as found by the lower court. As such, the order in question is reviewable for legal error which may have been the basis for an abuse of discretion.[3]

3. The fact that decisions to grant or deny parole rendered by the Board of Probation and Parole are not reviewable on appeal to the Commonwealth Court, *see, Johnson v. Pennsylvania Board of Proba-*

■ The next argument relates to the untimeliness of the instant appeal if it is regarded as an appeal from a judgment of sentence. We agree that if the sentence were the subject of the appeal, it would be subject to dismissal since appeal was not taken within thirty days of imposition of sentence. 42 Pa.C.S. § 5571, Pa.R.A.P. 903. However, the order on appeal is not the judgment of sentence. The Commonwealth had no way of knowing at the time of imposition of sentence on April 15, 1986 that Judge Sheppard would consider the sentence of Judge Cain to be imposed subsequent to his sentence. Although Judge Sheppard was informed of Judge Cain's April 8th sentence on April 15th, Judge Sheppard did not then state that he treated his sentence as being imposed prior to that of Judge Cain. It was only at the hearings held on December 17 and 21, 1987 on the petition for parole, that Judge Sheppard stated his belief that Judge Cain's sentence was subsequent to his. Therefore, the issue raised on appeal could not have been raised at the time sentence was imposed. For this reason, the instant appeal is not from the judgment of sentence and is not untimely.

The final argument in favor of dismissal posits that, if not an appeal from judgment of sentence, the appeal is a challenge to the computation of appellee's service of his sentence. Although Judge Sheppard relied upon the computation supplied by the prison authorities, only he as a judge was empowered to grant parole. Whether his reliance upon the calculations of the prison authorities was proper is a question which goes to the merits of the appeal. Appellee contends that if the prison officials violated the law in determining an incorrect release date, they would have been subject to an action in mandamus. Whether this is true or not is irrelevant to whether Judge Sheppard, for

tion and Parole, 110 Pa.Comm. 142, 532 A.2d 50 (1987); Reider v. Pennsylvania Board of Probation and Parole, 100 Pa.Comm. 333, 514 A.2d 967 (1986), does not affect appellate review by this court since state parole matters are governed by different legal provisions than are county parole rulings. See, Comm. v. McDermott, 377 Pa.Super. 623, 547 A.2d 1236 (1988).

128

his part, committed reversible error in granting parole based upon the figures supplied by prison authorities.

Finding that there exists no impediment to the exercise of appellate jurisdiction, we decline to dismiss or quash the appeal and proceed to consideration of the merits of the case.

■ It is the Commonwealth's contention on appeal that a judge of the Court of Common Pleas may not grant parole on a sentence where there has been a previous imposition of back-time for a prior parole violation. It bases its argument upon a repealed section of the Pennsylvania statutes relating to parole, 61 P.S. § 305. Notwithstanding the repeal, the argument is posed that the repealed section has passed into the common law such that the prohibition against concurrent service of back and front-time on county sentences remains a vital part of the law. The Commonwealth maintains that the repeal, effective June 27, 1978 by the Judiciary Act Repealer Act, (JARA), 42 Pa.S. § 20002(a)[955], does not change the law because § 20003(b) of the same act saves it from oblivion:

> **Interpretation.**—*The specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.* Nothing in this act is intended to revive any act heretofore supplied and repealed by later inconsistent legislation. The fact that this act specifically

repeals part of an act shall not create any implication that the unrepealed parts of such act are consistent with or are not supplied by the applicable provisions of the Pennsylvania Consolidated Statutes or other later statutes. 42 P.S. § 20003(b). (Emphasis supplied.)

However, as pointed out by appellee, Pa.R.Crim.P. 1406 is a general rule which was in effect at the time of JARA's effective date. This rule provides as follows:

### Imposition of Sentence: Computation and Service

(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.

(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

Pa.R.Crim.P. 1406.

This rule states at paragraph (a) that where a defendant is incarcerated for another offense, a new sentence shall be deemed to run concurrent with it, unless the judge states otherwise.

The Commonwealth responds that Rule 1406 does not apply to the circumstance where the prior sentence involves imposition of back-time for a violation of parole. As support for its interpretation it cites case law which applied the

repealed § 305. We are not pursuaded by its argument that Rule 1406 does not extend to a situation such as appellee's involving both back and front-time 'sentences. In light of the repeal of § 305, reliance upon case law which interpreted and applied it is not warranted.

Rule 1406 became effective in 1973 and was amended in 1975. As such, the savings clause of JARA, § 20003(b), does not continue to give the force of law to repealed § 305. Rule 1406 is a general rule in effect at the time JARA became effective, and it, therefore, "shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal." 42 P.S. § 20003(b).

We conclude that Rule 1406 does govern the imposition of county sentences by Common Pleas courts where a defendant may be serving a sentence which is back time on a prior conviction. The authority of the Common Pleas judge to grant parole at any time, *see* 61 P.S. § 314, lends support for the determination that the specific repeal of § 305. coupled with the provisions of Rule 1406 requires a finding that a judge of the Court of Common Pleas may grant parole where the time served on that sentence has been served concurrently with another county sentence. This includes situations where the prior sentence is being served after imposition of back time for a violation of probation or parole.

We recognize that this holding is a result different from the law as it relates to state sentences over which the Board of Probation and Parole has exclusive jurisdiction. Under 61 P.S. § 331.21a, a prisoner may not serve concurrently both back and front-time sentences. That is, the remainder of the sentence on which the prisoner had been paroled must be served before service of a new sentence may commence. *Rauser v. Penna. Bd. of Probation and Parole*, 107 Pa.Comm. 216, 528 A.2d 290 (1987). However, the existing statutes and court rules require a finding that the judges of the Courts of Common Pleas have been vested with authority that the Board of Probation and Parole has

not. This court must apply the law as it currently exists, and not as it was before the repeal of a statute. As noted in *McDermott, supra,* uniform treatment of Common Pleas Court and administrative parole matters is not possible given the "strict dichotomy dictated by the statutory schema enacted in Pennsylvania." *Id.,* 377 Pa.Superior Ct. at 631–32, 547 A.2d at 1240.

■ The order of the court below is beset with legal error, however. Judge Sheppard considered his sentence to precede the sentence of Judge Cain imposed on April 6, 1986. Therefore, he did not state whether his sentence should be served consecutively to the sentence of Judge Cain. Judge Sheppard erred in finding that the sentence he imposed on April 15, 1986 should be deemed to have been imposed on January 2, 1986 the date of the original sentence. Once a sentence is vacated, as this one was, it is no longer in effect, and reimposition of sentence upon a motion for reconsideration may not be made retroactive to the date of the original sentence. Although the defendant may be entitled to credit for time served during the period that reconsideration is pending, *see,* 42 Pa.C.S.A. § 9760; Pa.R. Crim.P. 1406(b), the sentence is not deemed imposed until the date of a final sentence. A sentence which has been vacated is not a final judgment of sentence.

Judge Sheppard's legal error in concluding that his sentence predated that of Judge Cain precluded him from the opportunity to state whether the sentence was concurrent or consecutive to Judge Cain's sentence. The misapprehension as to the effective date caused Judge Sheppard to fail to consider the options afforded under Rule 1406. Consequently, remand is required in order to allow Judge Sheppard to exercise his discretion under Rule 1406 and either to state that his sentence is consecutive to Judge Cain's or to state nothing, in which case the presumption of concurrency applies.

■ The second legal error committed by Judge Sheppard is his finding that he was bound to accept the calculations of the prison authorities under the doctrine of separation of powers. As stated above, it is the province of the Common

Pleas judge whether to grant or deny parole on a county sentence of less than two years duration. 61 P.S. § 314; *Commonwealth v. Fair, supra.* Judge Sheppard was required to examine the computations regarding minimum release dates made by the prison authorities and to reach an independent conclusion regarding their accuracy and their relevancy to his decision on the parole matter. On remand, Judge Sheppard is free to accept the calculations supplied if he is convinced after an independent examination that the figures accurately reflect the time periods during which appellee was serving each of his various sentences.

In concluding, we note that this court is not deciding that the Philadelphia prison authorities routinely miscalculate minimum release dates of prisoners. While we are urged to do so by the Commonwealth, we find no need to address this issue in light of the record created in this case. Both parties have appended documents to their briefs which are *de hors* the record. These documents purport to supply the policy of the prison officials regarding minimum release dates and the legal authority upon which the policy is based. We find it wholly unnecessary to reach this issue and specifically draw attention to this limitation in our holding.

The order granting parole is vacated and the case is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.