593 A.2d 1308

COMMONWEALTH of Pennsylvania

v.

George MILLER.

**Appeal of COMMUNITY RESOURCES OF FAYETTE COUNTY, INC. d/b/a the Womens Resource Center of Fayette County, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1991.

Filed July 11, 1991.

Cynthia Cline, Uniontown, for appellant.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge:

This is an appeal from an order directing appellant, Community Resources of Fayette County, Inc. d/b/a the Women's Resource Center of Fayette County, WRC, to provide to the trial court, for an *in camera* proceeding, all records and information in their possession pertaining to

the alleged victim of a sexual assault. As appellant filed this appeal prior to complying with the trial court order, we need to address the appealability of this matter as well as the applicability of the amended 42 Pa.C.S. § 5945.1, Confidential communications with sexual assault counselors, to the records involved herein.[1]

George Miller, appellee, was charged with rape, statutory rape, incest, indecent assault and corruption of minors. On May 16, 1990, appellee through his counsel, the Office of the Public Defender, filed a "Motion to Direct Children and Youth Services and the Rape Counseling and Information Service to Provide Juvenile Records." Following appellant's answer to appellee's motion, the trial court entered an order on June 4, 1990, directing appellant, WRC, along with Children and Youth Services to appear at a June 20, 1990 *in camera* hearing and to bring all records and information in their possession relating to the services provided the alleged victim in this matter. WRC filed its notice of appeal to the trial court's order on June 13, 1990. WRC appeared at the court ordered hearing on June 20, 1990, and informed the court of its appeal pending before this court. Due to the fact that the trial court found WRC's argument, that its appeal concerned a final collateral order, meritorious, it did not conduct an *in camera* review of the WRC materials. After WRC was excused from the courtroom, the trial court conducted an *in camera* review of the Children and Youth Services' records.

WRC raises the following issues for our review:

1. Is the order of a Court of Common Pleas which requires a rape crisis center to divulge confidential records prepared during sexual assault counseling at an in camera hearing a final order which is subject to appeal?

1. The Commonwealth has not filed a brief in this matter, but has written this court to express its opinion that this case should be remanded to the trial court in light of the amended 42 Pa.C.S. § 5945.1.

2. Does a Court of Common Pleas have authority to order a rape crisis center, not a party to a criminal action, to produce documents for a defendant's inspection absent a scheduled hearing or trial?

3. Is a Court of Common Pleas prohibited by 42 Pa. C.S.A. Section 5945.1 from ordering the production of documents relating to sexual assault counseling of a rape victim by a rape crisis center for purposes of review of those documents by the alleged rapist and his counsel prior to trial?

Initially, WRC argues and appellee agrees that this court has jurisdiction over this matter by virtue of the collateral order doctrine, which permits orders concerning matters collateral to the main controversy to be treated as final for purposes of appeal. We agree.

It is well established that an appeal lies only from a final order unless otherwise provided by statute. 42 Pa. C.S. § 742; *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). As the instant order did not end the litigation nor dispose of the entire case, it is not a final order. *Commonwealth v. Wise*, 328 Pa.Super. 491, 477 A.2d 552 (1984). However, interlocutory orders, can, at times, be considered final for appeal purposes if they meet certain criteria. As established by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), adopted by the Pennsylvania Supreme Court in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975), and set forth in *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), an order which appears to be interlocutory can be considered final and appealable if: "1) it is separate from and collateral to the main cause of action; 2) the right involved is too important to be denied review; and, 3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Cohen, supra*, 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed. at 536. As we review the instant order under a *Cohen* analysis, we will keep in mind that *Cohen*

210

allows us to look at a practical rather than technical construction of an order. *Cohen, supra.*

■ We agree with the trial court and WRC that the first two prongs of the *Cohen* test are satisfied in that the order involving the WRC files is separate from and collateral to the underlying criminal action. Also, the alleged victim's right to privacy and confidentiality in her relationship with WRC is too important to be denied review. As to the third prong, WRC argues and the trial court agreed that if review is postponed until final judgment then the claimed right of confidentiality and privacy will be lost irreparably since once the information is divulged, the privilege is lost. We agree with WRC that once the information in its files is released to anyone other than the victim, the statutorily enacted privilege is breached and the claimed right is lost forever, particularly in light of the amended 42 Pa.C.S. § 5945.1. Decidedly, this is the only point at which the alleged victim is able to vindicate her right of privacy in relation to rape crisis center records.[2]

2. *In accord Pennsylvania v. Ritchie,* 480 U.S. 39, 49–50, 107 S.Ct. 989, 997–98, 94 L.Ed.2d 40, 52 (1987) (when commenting upon the Commonwealth's interest in preserving the confidentiality of DHS file material as a basis for its review, the Court stated that "statutorily created finality requirements should, if possible, be construed so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered"). *See Sanderson v. Frank S. Bryan, M.D. Ltd.,* 361 Pa.Super. 491, 522 A.2d 1138 (1987) (appellate review granted pursuant to 42 Pa.C.S. § 702(b) of discovery order which directed the release of confidential information in peer review files due to the importance of the issue involved and the conflicting trial court decisions on the issue); *Stenger v. Lehigh Valley Hospital Center,* 386 Pa.Super. 574, 563 A.2d 531 (1989) *alloc. granted* 525 Pa. 618, 577 A.2d 890 (1990) and 525 Pa. 620, 577 A.2d 891 (1990) (appeal granted of a discovery order which directed hospital to release allegedly confidential information concerning delivery dates of possibly contaminated blood and to disclose AIDS test results of patients who were recipients of this blood to plaintiffs in action, but denied access to identity of donor of possibly tainted blood as well as identity of other blood transfusion recipients); *see also Doe v. United States,* 666 F.2d 43 (4th Cir.1981) (appeal granted pursuant to collateral order doctrine from a pre-trial order establishing the admissibility of certain evidence regarding a rape victim's past sexual behavior).

Additionally, we believe that if we do not address the propriety of appellee's request for WRC files in light of the statutorily enacted privilege protecting such files, the purpose and utility of the statute, as defined by the privilege, will be undermined severely. Accordingly, we believe that the instant order is final under the collateral order doctrine; therefore, we will address WRC's substantive issues on appeal.

██ WRC argues that the trial court erred when it ordered production of its documents for inspection by defense counsel at the pre-trial stage when no hearing was pending and no subpoena had been issued. The May 16, 1990 motion filed by appellee requested that the trial court order WRC to release its files pertaining to the alleged victim in the underlying criminal matter for his inspection. Shortly thereafter, the trial court entered an order setting forth a specific time, date, and place for WRC to appear as well as directing it to bring specific information concerning services it rendered to a particular client. Also, the order stated the purpose of the scheduled hearing and at whose request it was entered. We find this order to be strikingly similar to that of a court ordered subpoena. The Judicial Code in § 5905 sets out the authority of a trial court for the issuance of subpoenas:

> Every court of record shall have power in any civil or criminal matter to issue subpoenas to testify, with or without a clause of duces tecum, into any county of this Commonwealth to witnesses to appear before the court or any appointive judicial officer. Subpoenas shall be in the form prescribed by general rules.

42 Pa.C.S. § 5905. With respect to criminal matters, the rules of criminal procedure set forth the contents of a subpoena.

> Rule 9016. Contents of Subpoena
>
> A subpoena in a criminal case shall order the witness named to appear before the court at the date, time, and place specified and to bring any items identified or described. The subpoena shall also state on whose behalf

the witness is being ordered to testify and the identity, address, and phone number of the attorney, if any, who applied for the subpoena.

Pa.R.Crim.P. 9016. The comment to this rule reads:

*Comment:* This rule is derived from previous Rule 9016. The form of subpoena was deleted in 1985 because it is no longer necessary to control the specific form of subpoena by rule.

It is intended that the subpoena shall be used not only for trial but also for any other stage of the proceedings when a subpoena is issuable, including preliminary hearings, hearings in connection with pretrial and post-trial motions, etc.

When the subpoena is for the production of documents, records, or things, these should be specified.

Pa.R.Crim.P. 9016 (Comment). Finally, it is well-settled that "[t]he essence of a subpoena's function is to aid the court in the resolution of litigation, so that if there is no formal proceeding before the court there can be no legitimate reason to issue a subpoena." *In re Gartley*, 341 Pa.Super. 350, 370, 491 A.2d 851, 862 (1985) *affirmed* 513 Pa. 429, 521 A.2d 422 (1987) quoting *Commonwealth v. Polak*, 438 Pa. 67, 69, 263 A.2d 354, 356 (1970).

We believe that the contents of the trial court order entered June 4, 1990, clearly satisfies the requirements of Pa.R.Crim.P. 9016 in regard to a subpoena issued in a criminal matter. However, although the trial court may have general authority to require the disclosure of certain types of records, based on our resolution of the final issue presented, the authority of the trial court to subpoena the particular records in the instant case is questionable.[3]

▇ Finally, WRC contends that 42 Pa.C.S. § 5945.1, Confidential communications with sexual assault counsel-

---

**3.** In *Commonwealth v. Moore*, 526 Pa. 152, 159, 584 A.2d 936, 940 (1991), our supreme court held that "it should be readily apparent that the general powers of courts do not include the power to order disclosure of materials that the legislature has explicitly directed to be kept confidential."

ors, and the Pennsylvania Constitution insulates its records from any type of discovery. This court is cognizant of *Commonwealth v. Wilson*, 375 Pa.Super. 580, 544 A.2d 1381 (1988), *alloc. granted* 525 Pa. 582, 575 A.2d 113 (1990), and like cases,[4] which hold that 42 Pa.C.S. § 5945.1 is not applicable to rape crisis center records, but only establishes a privilege as to the examination of sexual assault counselors as witnesses. However, on December 17, 1990, while this case was pending on appeal, the legislature amended 42 Pa.C.S. § 5945.1, to now shield the rape crisis center records as well by stating:

(a) Definitions.— ...

"Confidential communication." All information, oral or written, transmitted between a victim of sexual assault and a sexual assault counselor in the course of their relationship, including, but not limited to, any advice, reports, statistical data, memoranda, working papers, records or the like, given or made during that relationship.

(b) Privilege.—

1. No sexual assault counselor may, without the written consent of the victim, disclose the victim's confidential oral or written communications to the counselor nor consent to be examined in any court or criminal proceeding.

42 Pa.C.S. § 5945.1(a), (b)(1), *as amended* 1990, December 17, P.L. 737, No. 183, § 1, immediately effective. Since we recognize the legal axiom that "an intervening change in the law must be applied to cases which are in the throes of direct appeal when the change occurred," we see no reason why the amended 42 Pa.C.S. § 5945.1 should not be applied to the instant case. *Leland v. J.T. Baker Chemical Company*, 282 Pa.Super. 573, 578, 423 A.2d 393, 396 (1980).

---

**4.** *Commonwealth v. Hyatt*, 401 Pa.Super. 14, 584 A.2d 956 (1990); *Commonwealth v. Aultman*, 387 Pa.Super. 113, 563 A.2d 1210 (1989), *alloc. granted* 525 Pa. 575, 575 A.2d 107 (1990) and 525 Pa. 582, 575 A.2d 113 (1990); *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986), *aff'd in part, vac in part* 516 Pa. 300, 532 A.2d 404 (1987).

However, since the parties have not had an opportunity to argue the effect of the amended statute in the context of the present action, we need to remand this matter to the trial court. We find this procedure to be consistent with our recent holding in *Commonwealth v. Smith*, 402 Pa.Super. 257, 586 A.2d 957 (1991), wherein we called for the application of an amended evidentiary statute, 42 Pa.C.S. § 5985.1, on remand following our reversal of appellant's conviction based on inadmissible evidence, which arguably would be admissible now under the amended statute. Accordingly, we vacate the trial court order as it pertains to the WRC records, and remand for argument and reconsideration of appellee's motion in light of the amended 42 Pa.C.S. § 5945.1.

Order vacated as to WRC records and case remanded for proceedings consistent with this Opinion.