**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Eugene S. MAKARA, Appellee.**

Superior Court of Pennsylvania.

Submitted June 9, 2009.

Filed Aug. 26, 2009.

Kimberly G. Krupka, Allentown, for appellant.

Elizabeth A. Kulyeshie, Bloomsburg, for Makara, appellee.

Anthony J. McDonald, Assistant District Attorney, Bloomsburg, for Commonwealth, appellee.

BEFORE: ALLEN, FREEDBERG, and CLELAND, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This matter is before the court on KidsPeace Corporation's appeal from the order entered by the Court of Common Pleas of Columbia County on October 16, 2008. We vacate and remand.

¶ 2 Appellee[1] Eugene Makara is charged with twenty-five counts, including rape of child, statutory sexual assault, involuntary deviate sexual intercourse with a person less than 16 years of age, sexual assault, aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, corruption of minors, invasion of privacy, attempted sexual abuse of children, criminal conspiracy, and interception of communications. In the course of the criminal proceeding, Appellee Makara filed a motion seeking disclosure of counseling and educational records of two minor alleged victims from various institutions. On October 16, 2008, without a hearing, the trial court granted the motion and ordered disclosure. Appellant Kidspeace Corporation[2] filed a motion for

---

1. The Commonwealth is also named as an Appellee in this case. The Commonwealth submitted a letter stating that this issue is a collateral matter on which it has no position.

2. The trial court ordered disclosure of records from four institutions. KidsPeace is the only institution that filed an appeal.

reconsideration, but no action was taken. Appellant asserts in this appeal that disclosure is not permitted because the requested records are protected under the Mental Health Procedures Act, 50 P.S. § 7101 *et seq.*, and the Psychologist–Patient Privilege Act, 42 Pa.C.S.A. § 5944.[3]

¶ 3 Initially, we discuss the appealability of this issue. Generally appeals lie only from final orders. *Commonwealth v. Miller*, 406 Pa.Super. 206, 593 A.2d 1308, 1309 (1991). "[I]n general, discovery orders are not final, and are therefore unappealable." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1055 (Pa.Super.2008), *citing Jones v. Faust*, 852 A.2d 1201, 1203 (Pa.Super.2004). However, Pennsylvania Rule of Appellate Procedure 313 provides a limited exception, allowing appeals from collateral orders:

> Rule 313. Collateral Orders.
>
> General Rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court. Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will irreparably be lost.

Pa.R.A.P. 313.

¶ 4 This court has held that "discovery orders involving privileged information are ... appealable as collateral to the principal action pursuant to Pa.R.A.P. 313." *T.M.*, 950 A.2d at 1055. In *Commonwealth v. Miller*, a defendant was charged with various criminal counts and requested records from a counseling center where the victim sought treatment. *Miller*, 593 A.2d at 1309. The treatment center refused to disclose its files and appealed the trial court's order directing the center to appear, with all records, at an *in camera* hearing. *Id.* This court found that the issue was properly before the court as a collateral order because the disclosure order was separate from the underlying criminal action, the victim's right to privacy and confidentiality was too important to be denied review, and if review was postponed and disclosure permitted, the victim's rights would be irreparably lost. *Id.* at 1309–1310. Further, the court explained: "[I]f we do not address the propriety of appellee's request for [appellant's] files in light of the statutorily enacted privilege [42 Pa.C.S.A. § 5945.1] protecting such files, the purpose and utility of the statute, as defined by the privilege, will be undermined severely." *Id.* at 1310.

¶ 5 Similarly, in *Commonwealth v. Simmons*, a defendant facing criminal charges arising out of his alleged abuse of a minor subpoenaed the records of the victim from a mental health treatment center. *Simmons*, 719 A.2d 336, 338 (Pa.Super.1998). The center's motion to quash the subpoena was denied. The center refused to comply with the trial court's order and filed an appeal to this court. In addressing the appealability of the matter, this court stated that "the ... order, requiring [appellant] to produce a complainant's allegedly confidential and privileged therapeutic records in a criminal matter, is immediately appealable as a collateral order." *Id.* at 339.

¶ 6 In the instant matter, Appellant, a third party ordered to disclose records potentially material to a criminal case, alleges that the records are protected by statutory privileges requiring confiden-

---

**3.** Appellant filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925 on December 15, 2008. The trial court did not file a 1925(a) opinion.

tiality. Disclosure of the records is an issue separate and distinct from the underlying criminal case. Without immediate review, the rights of Appellant, and the alleged victims, would be irreparably lost because disclosure would terminate the confidentiality of the records. Further, the right of privacy of mental health treatment and the records created pursuant to that treatment is of utmost importance, as evidenced by the statutory privileges accorded to such records. *See, e.g., Commonwealth v. Kyle,* 367 Pa.Super. 484, 533 A.2d 120 (1987) ("[T]he purpose of the psychologist-patient privilege is to aid in the effective treatment of the client by encouraging the patient to disclose information fully and freely without fear of public disclosure. We deem this purpose and the underlying considerations to be of paramount concern."); *Zane v. Friends Hospital,* 575 Pa. 236, 836 A.2d 25, 32 (2003) ("The terms of the provision are eminently clear and unmistakable and the core meaning of this confidentiality section of the Mental Health Procedures Act is without a doubt—there shall be no disclosure of the treatment documents to anyone."). Accordingly, the order in question is properly before this Court under the collateral order doctrine.

¶ 7 "Due process is a flexible concept that calls for such procedural protections as the situation demands." *Adelphia Cablevision Associates of Radnor, L.P. v. University City Housing Co.,* 755 A.2d 703, 712 (Pa.Super.2000). The Pennsylvania Supreme Court has described the concept of due process as follows:

> Due process of law, while incapable of exact definition, generally means laws in the regular course of administration through courts of justice, according to those rules and forms which have been established for the protection of human rights. Its essential elements are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause.

*Wiley v. Woods,* 393 Pa. 341, 141 A.2d 844, 849–850 (1958) (internal quotations and citations omitted); *see also Conestoga National Bank v. Patterson,* 442 Pa. 289, 275 A.2d 6, 8–9 (1971). There is "no general definition of procedural due process applicable to every situation," however our courts have emphasized the importance of the right to be heard, explaining that "the opportunity to be heard means little unless it occurs in an orderly, regular proceeding appropriate to the nature of the case." *Fiore v. Board of Finance & Revenue,* 534 Pa. 511, 633 A.2d 1111, 1115 (1993) (citations omitted).

¶ 8 In *Sands v. Andino,* 404 Pa.Super. 238, 590 A.2d 761 (1991), the appellant, in a prior action, had won a verdict in a personal injury lawsuit against a driver who was at fault in an automobile accident. However, the driver was uninsured, and, as a result, the appellant tried to collect the judgment from her insurance company. *Id.* at 762. This court held that the judgment could not be enforced against the insurance company because the insurance company was not a party to the earlier litigation, and it had not been given notice or an opportunity to participate in the first trial. *Id.* at 766. Thus, to enforce the judgment against it would violate the company's right to due process. *Id.*

¶ 9 In the instant matter, neither Appellant nor the children who are the subjects of the records were given notice of Appellee Makara's motion. Neither Appellant nor the children were given an opportunity to respond to the motion for the children's records. Therefore, we vacate the disclosure order and remand this matter for a hearing consistent with due

process on the motion seeking disclosure of the records.[4]

¶ 10 Order vacated and matter remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

4. Guardians *ad litem* should be appointed for the minor children.