J-S54032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| AMASA ANGELO MILLER | : | |
| | : | |
| Appellant | : | No. 550 EDA 2015 |

Appeal from the PCRA Order February 2, 2015
In the Court of Common Pleas of Bucks County
Criminal Division No(s).: CP-09-CR-0007260-2007

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 12, 2016**

Appellant, Amasa Angelo Miller, appeals from the order entered in the

Bucks County Court of Common Pleas dismissing his first timely-filed Post

Conviction Relief Act[1] ("PCRA") petition.  He contends the PCRA court erred

in dismissing his PCRA petition.  Appellant avers that his sentence is illegal

pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013).  We affirm.

A prior panel of this Court summarized the procedural posture of this

case as follows:

> On March 19, 2008, [Appellant] entered an open guilty
> plea to twenty-three separate criminal charges for his
> involvement in a multi-defendant drug organization,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

including nine separate charges of possession with intent to deliver methamphetamine and cocaine.

\*    \*    \*

On August 5, 2008, [Appellant] filed a [PCRA] petition. On June 10, 2009, a PCRA hearing was held. After conferring with [Appellant's] counsel and the Commonwealth, it was agreed by and between counsel, that if [Appellant] would **withdraw his PCRA Petition**, the Commonwealth would recommend a reduced sentence. [Appellant's] **sentence was vacated**[2] **and a new sentencing hearing was held** on August 7, 2009. . . . Although [Appellant] had originally received an aggregate sentence of not less than twelve-and-a-half, nor more than thirty-five years and a fine totaling $240,000, [Appellant] now received an aggregate modified sentence of not less than nine years, nor more than twenty-five years, a consecutive ten year period of probation, and a total fine of $50,000.

*Commonwealth v. Miller*, 2729 EDA 2009 (unpublished memorandum at 1, 6) (Pa. Super. Sept. 1, 2010) (emphases added).

Following the August 7th hearing, Appellant was resentenced. On August 17, 2009, Appellant filed a motion for reconsideration of sentence. The motion was denied. Appellant filed an appeal and this Court affirmed his judgment of sentence on September 1, 2010. *Id.* On May 27, 2011, the

---

[2] We observe that "[a] sentence which has been vacated is not a final judgment of sentence." *Commonwealth v. Romolini*, 557 A.2d 1073, 1080 (Pa. Super. 1989).

J-S54032-15

Pennsylvania Supreme Court denied his petition for allowance of appeal.[3]
**Commonwealth v. Miller**, 23 A.3d 541 (Pa. 2011).

On June 14, 2012, Appellant filed the instant PCRA petition. Counsel was appointed to represent Appellant. On September 20, 2013, a hearing was scheduled. At the hearing, the Commonwealth moved to dismiss the petition based upon the claim that the PCRA petition was untimely and Appellant had waived his right to file a PCRA petition in exchange for the Commonwealth's agreement to waive certain mandatory sentences upon reconsideration of sentence. N.T., 9/20/13, at 8-9. The PCRA court ordered counsel for Appellant to brief the issues. **Id.** at 13. On July 21, 2014, Appellant filed an Amended PCRA petition contending his sentence was illegal and unconstitutional pursuant to **Alleyne**. Amended PCRA Mot., 7/21/14, at 1. On October 15, 2015, the PCRA court filed a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On February 2, 2015, the PCRA petition was dismissed. This timely appeal followed.

_____

[3] We note that Appellant's judgment of sentence became final on August 25, 2011, when the ninety-day period for seeking writ of *certiorari* with the United States Supreme Court expired. **See** Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). He then generally had one year, or until August 25, 2012, to file a PCRA petition. **See** 42 Pa.C.S. 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). August 25, 2012 fell on a Saturday, and therefore Appellant had until August 27th to file his PCRA petition. **See** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation). Therefore, because he filed his PCRA petition on June 14, 2012, his petition was timely.

Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[4] The PCRA court filed a Pa.R.A.P. 1925(a) opinion incorporating its analysis as set forth in its Rule 907 notice of intent to dismiss.

Appellant raises the following issue for our review: "Whether the PCRA court erred in dismissing [Appellant's] PCRA Petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure."[5] Appellant's Brief at 4. Appellant contends his mandatory minimum sentence pursuant to 18 Pa.C.S. § 9712.1 was unconstitutional under **Alleyne**.[6] Appellant's Brief at 11-12.

"Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. 2015).

---

[4] Appellant raised the following issue in his Rule 1925(b) statement: "Whether the PCRA court erred in dismissing [Appellant's] PCRA petition pursuant to rule 907 of the Pennsylvania Rules of Criminal Procedure." Concise Statement of Errors Complained of on Appeal, 3/6/15.

[5] In the first four pages of the argument section of his brief, Appellant addresses the issue of the timeliness of the instant PCRA petition. **See** n.3 **supra**.

[6] Appellant concedes he did not raise the issue of the legality of his sentence in his Rule 1925(b) statement. Appellant's Brief at 12. The Pennsylvania Supreme Court has stated that generally, "a challenge to the legality of one's sentence can never be waived." **Commonwealth v. Foster**, 17 A.3d 332, 336 (Pa. 2011).

In **Commonwealth v. Washington**, ___ A.3d ___, 37 EAP 2015 (Pa. July 19, 2016), the Pennsylvania Supreme Court addressed the issue of "whether the Supreme Court of the United States' decision in **Alleyne** [ ] applies retroactively to attacks upon mandatory minimum sentences advanced on collateral review." **Id.** at ___, 37 EAP 2015 at *1. The **Washington** Court held that "**Alleyne** does not apply retroactively to cases pending on collateral review, and that [the a]ppellant's judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Id.** at ___, 37 EAP 2015 at *16. In the instant case, Appellant's judgment of sentence became final on August 25, 2011. **Alleyne** was decided on June 17, 2013. Appellant raised the claim that his sentence was illegal pursuant to **Alleyne** on collateral review. Therefore, he is not entitled to relief. **See id.**

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016

- 5 -