J-S35008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTINA LEE WAGNER | : | |
| | : | |
| Appellant | : | No. 509 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 18, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000931-2024

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

JUDGMENT ORDER BY OLSON, J.:        **FILED: NOVEMBER 3, 2025**

Appellant, Christina Lee Wagner, appeals from the judgment of sentence entered on March 18, 2025, following her guilty plea to driving under the influence of alcohol (DUI), highest rate pursuant to 75 Pa.C.S.A. § 3802(c). Upon consideration of our Supreme Court's recent decision in **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025), we vacate Appellant's judgment of sentence and remand for resentencing.

The trial court summarized the facts and procedural history of this case as follows:

> On December 12, 2024, Appellant entered a guilty plea to count 1, DUI, highest rate. 75 Pa.C.S.A. § 3802(c). Appellant did not admit to the gradation being a misdemeanor of the first degree or that it was a second offense for sentencing purposes. Appellant and

counsel acknowledged that she had a prior DUI-ARD[1] placement in 2018 out of Washington County, Pennsylvania.

On March 18, 2025, [the trial] court ruled that the prior DUI-ARD placement in 2018 is a prior offense for DUI sentencing purposes and found the proper offense gradation was a misdemeanor of the first degree and the current offense was a second offense for sentencing purposes. Appellant was sentenced to 60 months' probation with restrictive DUI conditions, [including a] restrictive term of 90 days of house arrest with electronic monitoring. The minimum statutorily mandated fine was imposed along with fees and costs.

Trial Court Opinion 5/6/20525, at 1 (unnecessary capitalization omitted).

On May 30, 2025, however, while the current appeal was pending, our Supreme Court decided **Shifflett**.[2] The **Shifflett** Court found "that a defendant's previous acceptance of ARD cannot be equated to a guilty plea." **Commonwealth v. Shifflett**, 335 A.3d 1158, 1173 (Pa. 2025). Moreover, the **Shifflett** Court concluded:

In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**. Thus, **an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact**

---

[1] Accelerated Rehabilitative Disposition (ARD).

[2] Our standard of review for questions of law is *de novo* and the scope of review is plenary. **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa. Super. 2019). Further, "an intervening change in the law must be applied to cases which are in the throes of direct appeal when the change occurred." **Commonwealth v. Miller**, 593 A.2d 1308, 1311 (Pa. Super. 1991).

**that must be submitted to a jury and proven beyond a reasonable doubt**.

*Id*. at 1175 (emphasis added), *citing **Apprendi v. New Jersey***, 530 U.S. 466 (2000) and ***Alleyne v. U.S.***, 570 U.S. 99 (2013). In ***Shifflett***, the Supreme Court held "that [75 Pa.C.S.A. § 3806(a) was] facially unconstitutional to the extent it allow[ed] a previous acceptance of ARD to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]" ***Shifflett***, 335 A.3d at 1179. Because acceptance of ARD may no longer permissibly be used as a basis to impose an enhanced sentence under Section 3804, we are constrained to vacate the judgment of sentence imposed by the trial court and to remand this matter for resentencing in accordance with the Supreme Court's recent opinion in ***Shifflett***.[3]

---

[3] The Commonwealth "concedes that [] ***Shifflett*** [] is the controlling law and that Appellant's prior ARD should not have counted as a prior offense for sentencing purposes [and it is] not opposed to the relief sought." Commonwealth's Letter, 9/3/2025, at *1 (unpaginated).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/3/2025