539 A.2d 852

**COMMONWEALTH of Pennsylvania**

v.

**Leon BYUSS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1987.

Filed March 29, 1988.

Robert E.H. Miller, Philadelphia, for appellant.

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Com.

Before WIEAND, KELLY and HESTER, JJ.

WIEAND, Judge:

Leon Byuss was tried without jury and was found guilty of rape, involuntary deviate sexual intercourse, aggravated assault, and possession of an instrument of crime. Post-trial motions and supplemental post-trial motions were denied, and Byuss was sentenced to serve concurrent terms of imprisonment for not less than four years nor more than eight years on the convictions for rape and involuntary deviate sexual intercourse. Separate sentences were not imposed on the other convictions. On direct appeal, Byuss argues that the trial court erred when it refused to allow defense counsel to examine medical reports pertaining to the victim's psychological condition and, instead, made an in

camera examination of the records. We disagree with appellant and affirm the judgment of sentence.

Appellant and Janet Henderson were members of a Bible research ministry known as "The Way." As such, they lived in a communal home which was maintained for members of the ministry. On the morning of October 28, 1985, while appellant and Henderson were alone in the home, appellant entered Henderson's bedroom with a meat cleaver and demanded that she disrobe. After a struggle, Henderson was forced to submit to vaginal intercourse and perform fellatio. Henderson thereafter left the house and contacted police. An examination at Jefferson Hospital revealed sperm in the area of her vagina, a laceration of her lower lip, chipped teeth, and abrasions of her forehead, nose, and throat.

■ Prior to trial, appellant sought to examine reports of psychological and psychiatric examinations performed on the victim for "any diagnosis which would bear on her psychiatric situation at the time [of the incident] or her ability to testify competently." Appellant also sought any accounts of the incident appearing in such reports. Appellant asked, in the alternative, that the court examine the reports to determine the existence of any such discoverable material. The court examined the reports in camera. After determining that they contained no relevant, exculpatory material, the trial court refused to compel disclosure. Appellant contends that the Commonwealth had no right of confidentiality with respect to the records and that the trial court's order deprived him of his constitutional right to confront and cross-examine his accuser.

The United States Supreme Court, in *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987),[1] observed that the right of confrontation is a *trial right.* "The ability to question adverse witnesses," the Court said, "does not include the power to require the pretrial disclo-

[1] The United States Supreme Court had granted certiorari from a decision of the Pennsylvania Supreme Court in *Commonwealth v. Ritchie,* 509 Pa. 357, 502 A.2d 148 (1985).

sure of any and all information that might be useful in contradicting unfavorable testimony." *Id.* at ——, 107 S.Ct. at 999, 94 L.Ed.2d at 54. Thus, the confrontation clause was not violated by the withholding of the files pertaining to the victim which were held by Child Welfare Services. Similarly, the Court held, the compulsory process clause of the Sixth Amendment did not grant to a defendant the right to search through the Commonwealth's files. Although it is well settled that the Commonwealth has an obligation to turn over evidence in its possession which is favorable to the defense and material to guilt or punishment,

> [a] defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215], it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the [Commonwealth's] files to argue relevance.

*Id.* at ——, 107 S.Ct. at 1003, 94 L.Ed.2d at 58–59 (citations and footnotes omitted). Therefore, the Court held, the defendant's interest in a fair trial could "be protected fully by requiring that the [Child Welfare Services] file be submitted only to the trial court for in camera review." *Id.*

In the instant case, the medical reports of Janet Henderson were delivered to the trial court prior to trial and examined in camera by the trial judge. That examination disclosed no information relevant or material to appel-

lant's guilt or innocence. Therefore, the trial court did not make the reports available to appellant. This was all that appellant was entitled to receive. He has not shown and, indeed, does not now allege that the reports contained exculpatory information. His right to confront his accuser, as guaranteed by the Constitution of the United States, was not violated under the circumstances of this case.

After *Ritchie* had been decided by the Supreme Court of the United States, the appellant in this case filed additional post-verdict motions asking the court to hold that the right to review medical and psychological reports of the alleged victim was guaranteed by Article I, Section 9 of the Pennsylvania Constitution.[2] These rights, conferred by Article I, Section 9 of the Pennsylvania Constitution, are also trial rights. They do not guarantee the right to search unsupervised through the Commonwealth's file prior to trial.

A defendant's right to discover materials in the possession of the Commonwealth is determined in Pennsylvania not by constitutional guarantee but by Pa.R.Crim.P. 305. Under this rule, the reports sought to be examined by appellant are not the subject of mandatory disclosure, but are discoverable only at the discretion of the trial court under Rule 305 B(2).[3] In the instant case, the trial court, having examined the medical reports of the alleged victim,

2. Section 9 of Article I of the Pennsylvania Constitution is as follows:
    In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

3. Pa.R.Crim.P. 305 B(2) is as follows:
    **(2) Discretionary with the Court:** In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pre-

found the information irrelevant to the issue of guilt or innocence and declined to make them available to defense counsel. The trial court thereafter sealed the medical records in order to preserve them for appellate review. See: *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986).[4] After an examination of these reports, we agree that they contain no exculpatory information or other matters that would have been helpful to the defense.

The judgment of sentence is affirmed.

trial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(a) the names and addresses of eyewitnesses;

(b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

(c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;

(d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

4. The Superior Court decision in *Samuels* was handed down before the decision of the United States Supreme Court in *Ritchie.* It was subsequently reversed on other grounds in *Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404 (1987).