582 A.2d 4

**COMMONWEALTH of Pennsylvania**

**v.**

**Barry Lee MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1990.

Filed Nov. 5, 1990.

Franklin D. Roush, Jr., Johnstown, for appellant.

Carolann A. Young, Asst. Dist. Atty., Somerset, for Com., appellee.

Before CIRILLO, President Judge, and FORD ELLIOTT and BROSKY, JJ.

CIRILLO, President Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Somerset County on August 8, 1989 against appellant Barry Lee Miller. We reverse and remand for a new trial.

The following is a summary of the relevant facts: Miller was charged with corruption of minors and indecent assault with respect to his two nieces, R.M. and H.M. The cases were consolidated for trial. Prior to trial, defense counsel

attempted to discover the contents of reports prepared by the Erie Rape Crisis Center on R.M. and H.M. These reports were in the possession of the district attorney for the Commonwealth. The district attorney provided all the information that the defense had requested with the exception of the reports. In the hope of obtaining possible exculpatory evidence, Miller filed a motion to compel discovery pursuant to Pa.R.Crim.P. 305(A), requesting that psychological reports for both victims be disclosed to the defense. The trial court conducted an *in camera* review of the reports and Miller's motion was denied on October 11, 1988. Consequently, Miller was denied access to these reports. Following a jury trial Miller was convicted of both charges with respect to R.M. A mistrial was granted with respect to the charges concerning H.M. Miller filed timely post-trial motions which were denied. On August 8, 1989, Miller was sentenced to a term of imprisonment of not less than four months and not more than twenty-three months, and directed to pay the costs of prosecution and five hundred dollars to the office of the clerk of courts of Somerset County.[1] Miller filed a petition for modification of sentence which was denied by the trial court on August 29, 1989. This appeal followed.

Miller raises six issues for our consideration:

1. Whether the evidence was insufficient to sustain a verdict of guilty on the counts of corruption of minors and indecent assault where only the testimony of R.M. was given to substantiate the allegations in the information.

2. Is the verdict against the weight of the evidence.

3. Whether the defendant was denied access to possible exculpatory evidence as well as evidence useful in cross-examination of the witness, R.M., when the trial court denied access to a psychological report on the alleged victim.

---

1. The order of sentence states "[A]s agreed by defense counsel and the [commonwealth] the offense of indecent assault will merge into the offense of corrupting children."

4. Whether or not the trial court committed an error in preventing the defendant from placing into evidence accusations by the alleged victim, R.M., against a neighbor of her grandfather accusing said neighbor of similar activities as she accused the defendant.

5. Whether or not the court improperly refused to grant a mistrial in the case of R.M. after a mistrial had been granted in the case involving H.M.

6. Did the court commit an error in refusing to grant the demurrer of the defense on the basis of the Commonwealth failing to meet the burden of proof where [the] sole evidence offered by the Commonwealth was testimony by R.M., which was confused, [was] poor[ly] recall[ed] and thus cast grave doubt as to the alleged act.

We find Millers' third argument to be meritorious and hence only address that issue.

■ In his third issue, Miller claims that because he was denied access to a psychological report prepared by the Erie Rape Crisis Center on R.M., he was precluded from obtaining evidence that might have exculpated him and was prevented from using the information contained in the report to cross-examine R.M. Miller concedes that the trial court indicated that the psychological reports contained no exculpatory information but maintains, nonetheless, that the reports may have contained useful information regarding the motives and mental abilities of the victims. Miller contends that the trial court abused its discretion by denying him access to these reports. We agree.

The issue presented by Miller is controlled by our supreme court's decision in *Commonwealth v. Lloyd*, 523 Pa. 427, 567 A.2d 1357 (1989). There, defendant Lloyd sought to discover records of the victim's psychotheraputic treatment rendered by Psychiatric Institute of the Medical College of Eastern Pennsylvania. The trial court conducted an *in camera* review of the records, determined that Lloyd's allegations that the victim was delusional and/or hallucina-

tory were unfounded, and denied defense counsel access to the records. The supreme court held that "under the confrontation clause of the Pennsylvania Constitution, [Lloyd] . . . was denied his right to confrontation when his attorney was denied access to the contents of the victim's psychotheraputic records." [2] *Id.*, 523 Pa. at 431, 567 A.2d at 1359. The court further held that "the right to inspect these records is also mandated by the compulsory process clause of the Pennsylvania Constitution." *Id.*

The court reasoned that Lloyd was entitled to view the records *in camera* so that his attorney might adequately prepare Lloyd's defense. The court acknowledged that the Commonwealth has an interest in preserving the confidentiality of a victim's treatment by her psychotherapist, but that interest is overridden by a defendant's right to confront and cross-examine the witness testifying against him. The information contained in a victim's psychological treatment records may, therefore, provide the defendant with a defense which would be unavailable to him without such access. The court thus held that Lloyd's counsel was entitled to see the hospital records in an *in camera* proceeding, and stated that the trial court may issue orders to insure confidentiality. *Id.*, 523 Pa. at 432, 567 A.2d at 1360.

Applying the *Lloyd* holding to the present case, we find that Miller was denied his right under the confrontation clause and compulsory process clause of the Pennsylvania Constitution when his attorney was denied access to the contents of the report prepared by the Erie Rape Crisis

2.  In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.
    Pa. Const. art. I, § 9.

Center on the victim, R.M.[3]  Miller, like Lloyd, is entitled to view the instant report in order to prepare his defense against the charges made against him and to knowledgeably confront his adverse witnesses through cross-examination. *See Lloyd, supra; see also Commonwealth v. Carillion,* 380 Pa.Super. 458, 552 A.2d 279 (1988) (Cirillo, P.J., concurring) ("the Commonwealth's interest in the confidentiality of the information contained in the Children's Services' file must yield to the Commonwealth's greater interest in promoting and protecting the defendant's constitutional right to confront and cross-examine witnesses against him.... [and therefore,] I would have recogniz[ed] a higher level of protection under our state constitution, and allow[ed] defense counsel complete access to the ... file").[4]

3. In its Pa.R.A.P. 1925 opinion, the trial court noted that it followed the procedure set forth in *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).  While we agree that the trial court complied with *Pennsylvania v. Ritchie, supra,* that decision involved federal constitutional guarantees.  *See Lloyd, supra,* ("while the minimum federal constitutional guarantees are equally applicable to the analogous state constitutional provisions, the state has the power to provide broader standards than those mandated by the federal constitution").  At oral argument, Miller's counsel suggested that Miller's claim arose under our state constitution and so we have analyzed it under our state constitution.

4. We note the similarity between the present case and *Commonwealth v. Higby,* 384 Pa.Super. 619, 559 A.2d 939 (1989).  In *Higby,* this court stated that 42 Pa.C.S. § 5945.1(b), which grants sexual assault counselors a privilege, is inapplicable where the defendant seeks to obtain disclosure of discoverable items in the possession of the Commonwealth.  *Id.; see also Commonwealth v. Cacek,* 358 Pa.Super. 381, 384, 517 A.2d 992, 994 (1986) (section "5945.1 does not grant the Commonwealth a privilege to prevent disclosing of discoverable items and information requested by a defendant pursuant to Pa.R.Crim.P. 305").  In *Higby,* appellant averred that certain statements were made to individuals at a rape crisis center and that these statements were in the possession of the Commonwealth.  Likewise, Miller claims that the report prepared by the Erie Rape Crisis Center contains information that may exculpate him and that the report is in the possession of the Commonwealth.  The Commonwealth does not dispute that it has possession of the report.  In *Higby,* we distinguished such a situation from the circumstances where a subpoena *duces tecum* was issued upon a rape crisis center.  *See, e.g., Commonwealth v. Wilson,* 375 Pa.Super. 580, 544 A.2d 1381 (1988).  Because the Commonwealth disputed Higby's contention that it had the statements in its possession, we were required to remand the case to the trial court to determine whether the Commonwealth did in fact have the statements.  *See Higby, supra.*

■ In applying the holding of *Lloyd* to the present case we are recognizing that our constitution places limits on the discretion of the trial court to grant or to deny a defendant's motion for pre-trial discovery of material in the Commonwealth's file. *See* Pennsylvania Rule of Criminal Procedure 305(B)(2).[5] When the nature of the evidence is such, however, that denying defendant the opportunity to review it in effect denies him his constitutional rights to confrontation and compulsory process, he is entitled to view that evidence, regardless of whether it is in the hands of the Commonwealth or a private institution. As our supreme court stated in *Commonwealth v. Grayson*, 466 Pa. 427, 353 A.2d 428 (1976),

> Whether the statements ... would have been helpful to the defense is not a question to be determined by the prosecution or by the trial court. They would not be reading the statements with the eyes of a trial advocate engaged in defending a client. Matters ... may appear innocuous to some, but have great significance to counsel viewing the statements from the perspective of an advocate for the accused about to cross-examine a witness.

*Id.*, 466 Pa. at 429, 353 A.2d at 429. Consequently, we conclude that constitutionally guaranteed rights may not be abridged by a rule of procedure which vests the trial court with the discretion to deny the defendant's request for

5. In all court cases, except as otherwise provided in Rule 263 ... if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

    (a) the names and addresses of eyewitnesses;

    (b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

    (c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by any co-conspirators or accomplices, whether such individuals have been charged or not;

    (d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 305(B)(2).

information in the possession of the Commonwealth merely because the trial court has concluded that such information is not material to the preparation of his defense.

Judgment of sentence is vacated and a new trial is ordered.

Brosky, J., joins opinion by CIRILLO, President Judge, and files a concurring opinion by BROSKY, J.

FORD ELLIOTT, J., dissents.

BROSKY, Judge, concurring.

I join the fine opinion authored by our colleague, President Judge Cirillo, but write separately to express one thought.

Our colleague, Judge Ford Elliott, expresses concern that our decision today renders illusory the discretionary judicial review regarding discoverability of the contents of the Commonwealth's file under Rule 305. As I understand her opinion, she is concerned that the entire Commonwealth file will now, as a result of our decision, be subject to discovery. To be sure, it would seem that the entire Commonwealth file already *is*, and has been, subject to discovery and discoverable under the auspices of Rule 305. However, discoverability is also subject to the limitations set forth in Rule 305; that limitation being a discretionary review by the trial court of the defendant's assertion that the documents are material to the preparation of a defense. Be that as it may, I do not view our decision today as diminishing the court's role in the Rule 305 process, as outlined in the rule, with the notable exception of the specific subject matter at issue here. That is to say, I do not view this decision as establishing the proposition, nor am I lending the support of my vote in this case to a proposition, that the review process in general, as set forth in Rule 305, has been eliminated and an absolute right of review substituted. In short, I do not believe that either *Commonwealth v. Lloyd,* 523 Pa. 427, 567 A.2d 1357 (1989), or this case will allow a defense counsel an opportunity to peruse the Common-

wealth's file prior to trial in search of information or statements counsel believes may be useful in establishing a defense.

However, with regard to the psychological reports in question, the right of review has been modified by the decision in *Lloyd*. Appellant made a specific request to review the psychological records of the alleged victims, and asserted error when the court refused to allow defense counsel an opportunity to review them. The Supreme Court in *Lloyd*, apparently unpersuaded by this court's position set forth in *Commonwealth v. Carrilion*, 380 Pa.Super. 458, 552 A.2d 279 (1988), indicates that there is an absolute right to have defense counsel inspect these types of documents, and, as Judge Ford Elliott also surmises in her Dissenting Opinion, the trial court, under *Lloyd*, now appears to have no authority or discretion to limit the defendant's review through its own *in camera* procedure. As such, it appears to me, the assertion of error was well taken.

But this absolute privilege of review set forth in *Lloyd*, as I read that case, extends only to the type of documents in question in *Lloyd*, which are also of the kind found in the present case. I do not see *Lloyd* as applying to everything contained in the Commonwealth's file. I also do not see as viable an approach that would change the standard of review or right of defense counsel to review these documents based upon the manner that the request was made, or turning upon who had possession at the time the request was made. By this I mean that I do not perceive the fact that the request in this case was made in a Rule 305 motion, when the Commonwealth possessed the files in question, whereas in *Lloyd* a subpoena was served on the hospital in possession, as somehow conceding the absolute reviewability of these documents established in *Lloyd* and in its place substituting the discretionary standard set forth in the rule. I believe that the absolute reviewability status would remain even though requested under a Rule 305 motion. After all, the right of defense counsel to review these

documents resulted from a specific holding and is grounded heavily in constitutional rights, whereas the discretionary review set forth in Rule 305 is a general standard governing requests under the rule. I believe under these circumstances the specific would govern over the general. However, this is where I appear to part company with my colleague, Judge Ford Elliott and join the Opinion authored by President Judge Cirillo.

FORD ELLIOTT, Judge, dissenting:

I must respectfully dissent. The issue as framed by the appellant, and on which the majority would reverse, is whether the trial court abused its discretion in denying appellants' Motion to Compel discovery of psychological reports of the victims within the possession of the District Attorney pursuant to Pa.R.Crim.P. 305(B)(2).[1]

I find the majority's application of *Commonwealth v. Lloyd*, 523 Pa. 427, 567 A.2d 1357 (1989) inapposite to this issue as presented.

Our supreme court in *Lloyd* determined that the defendant had a state constitutional right to view the contents of a sexual abuse victim's psychotheraputic records in the possession of a hospital. In so doing, the court determined that the trial court had no authority or discretion to limit the defendant's review through its own *in camera* proce-

---

1. *Discretionary With the Court.* In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
   (a) the names and addresses of eyewitnesses;
   (b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;
   (c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;
   (d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

dure. By applying the reasoning of *Lloyd* to the instant case, the majority finds that the trial court had no discretion under Rule 305(B)(2) to limit appellant's review of the Erie Rape Crisis Center records which were a part of the Commonwealth's file. To apply *Lloyd* as the majority proposes today would make not only the Crisis Center reports subject to discovery but also the entire contents of the Commonwealth's file.[2] Although I admit with some candor, that a careful reading of the majority and dissenting opinions in *Lloyd* leaves several questions unanswered, I cannot discern from my review that *Lloyd* found the exercise of discretion designated to the trial court during the discovery process pursuant to Rule 305(B)(2) unconstitutional as violative of a defendant's state constitutional rights to confrontation and compulsory process. Until such time as the highest court of this Commonwealth specifically addresses this issue, I choose to apply the reasoning of *Lloyd* very narrowly.

Rule 305 as promulgated under the rule making authority of our supreme court was specifically designed to satisfy the constitutional guarantees enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In sum, *Brady* affords a defendant the opportunity to discover information in the possession of the Commonwealth that may be material to his defense. The Rule has passed constitutional scrutiny on several occasions, most recently by this court in *Commonwealth v. Carillion*, 380 Pa.Super. 458, 552 A.2d 279 (1988), and *Commonwealth v. Byuss*, 372 Pa.Super. 395, 539 A.2d 852 (1988). Turning to the facts of the instant case, the psychological reports of the victims provided by the Erie Rape Crisis Center had been disclosed to the Commonwealth; therefore, the reports were no longer subject to any privilege as noted by the majority opinion at footnote 4. However, this did not make them any more

---

**2.** In response to Judge Brosky's concurrence in this matter, I find nothing in *Commonwealth v. Lloyd, supra*, which would limit its broad constitutional ruling regarding defendant's rights of confrontation and compulsory process at the pre-trial stage only to sexual assault files or sexual assault cases.

discoverable under Rule 305. If exculpatory information was contained therein, it was subject to discovery by appellant. The Commonwealth refused disclosure of the reports and appellant properly sought relief from the trial court pursuant to a motion to compel discovery of the reports.

In response to appellant's motion, the trial court conducted an *in camera* inspection of the reports and determined that they contained nothing of value to the defense. The procedure was in compliance with that provided for in Rule 305 and approved of most recently in *Carillion* and *Byuss*. I can find no abuse of discretion on the part of the trial court. Further, I cannot find that appellant's rights of confrontation and compulsory process were violated by the procedures established under the rule.

Judge Brosky's authored en banc decision in *Carillion*, which upheld both the trial court's *in camera* inspection of discovery material and the release of such material to the defendant, is instructive to the case herein.

As in *Byuss*, we agree that appellee's right to confrontation has been neither compromised nor even implicated under the State Constitution. Moreover, the applicable provision of Rule 305 under which appellee's initial requests fell and which controlled Byuss' pretrial application for discovery of the medical reports states that disclosure is discretionary with the trial court. *See* Pa.R. Crim.P. 305 B(2), *infra.* at note 5. Hence, the procedure set forth in *Pennsylvania v. Ritchie, supra,* and endorsed by *Byuss* that the trial court conduct an *in camera* inspection of the file after which, if the court first determines that the sought-after information is extant and material to the accused's defense may, in its discretion, order the Commonwealth to make such disclosure to the accused is in keeping with the tenor of this Rule. The right here involved stemmed from appellee's initial request for pre-trial discovery pursuant to Pa.R.Crim.P. 305 of what he believed to be significant portions of the file. Upon post-trial *in camera* inspection of the subject file, the trial court determined and we agree, that formerly

withheld portions of this file were critical to appellee's defense.

*Commonwealth v. Carillion, supra,* 380 Pa.Super. at 472–4, 552 A.2d at 286 footnote omitted. Accordingly, in the instant case, if the trial court had determined that the reports of the Erie Crisis Center had contained something of value to the defense, it would have turned over the material information requested by the defense pursuant to Rule 305. However, to the contrary, the court made a specific finding that there was nothing exculpatory or beneficial to the defendant in the records and therefore denied discovery. I cannot find that the trial court abused its discretion in this regard.

Finding no merit to appellant's points of error, I would affirm the Judgment of Sentence.