COMMONWEALTH of Pennsylvania

v.

**Marvin Lynn BERGER.**

**Appeal of Children's Resource Center.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2014.

Filed July 14, 2014.

Richard C. Seneca, Lewisberg, for appellant.

Jeffrey B. Engle, Harrisburg, for Berger, appellee.

BEFORE: GANTMAN, P.J., DONOHUE, and STABILE, JJ.

OPINION BY STABILE, J.:

Appellant, Children's Resource Center ("CRC"), appeals from the July 19, 2013 order directing it to produce documents for *in camera* review. We vacate and remand.

Marvin Lynn Berger ("Berger"), the defendant in the underlying prosecution, stands accused of aggravated indecent assault, unlawful contact with a minor, indecent assault, indecent exposure, corruption of minors, and open lewdness.[1] The alleged victims are four minors aged six through sixteen during the time of the offenses. CRC personnel conducted videotaped interviews of each of the alleged victims. The Commonwealth sought permission to play the interview videos at trial. Berger filed six separate petitions titled "Petition to Mandate Disclosure of Records for *in camera* Review" seeking disclosure of notes and writings pertaining to interviews of the alleged victims by various CRC personnel. Each of these petitions concluded by requesting the trial court to direct the Commonwealth to disclose the relevant materials.

The trial court issued a June 23, 2013 order[2] directing CRC to produce the re-

---

1. 18 Pa.C.S.A. §§ 3125(a)(8), 6318, 3126(a)(7) and (8), 3127(a), 6301, and 5901, respectively.

2. The order reads:

AND NOW, this 19th day of July, 2013, upon consideration of Defendant's six Petitions to Mandate Disclosure of Records for In Camera Review and the Omnibus Answer of Children's Resource Center opposing such disclosure, we DIRECT the Children's Resource Center to submit the requested records to the court for in camera review on or before August 5, 2013. The court will then determine what, if

quested documents or file answers to Berger's petitions within 20 days. CRC filed answers, and on July 19, 2013, the trial court ordered CRC to produce the documents for *in camera* review. CRC filed this timely appeal from the trial court's collateral order.[3]

■ CRC argues that the trial court lacked authority to order CRC to produce its records. CRC asserts that it is a private third party medical provider and that Rule 573 of the Pennsylvania Rules of Criminal Procedure does not authorize the trial court to order CRC to provide discovery in connection with a criminal action. CRC also argues the trial court's order violates the children's right to privacy in their medical records. To this end, CRC argues the trial court should have appointed a guardian *ad litem* for the children and conducted a hearing at which CRC and the children could create a record concerning the asserted privacy interests. CRC's Brief at 2.

We first consider the trial court's authority to order CRC to provide discovery. CRC is correct in its assertion that Rule 573 primarily addresses the Commonwealth's duty to provide discovery and the trial court's discretion to order the Commonwealth to provide or permit inspection of items sought by a defendant. Rule 573 does not address a criminal defendant's

attempt to seek discovery from a third party.

Nonetheless, our courts on various occasions have ordered disclosure of files in the possession of third party entities. For example, in *Commonwealth v. Carillion,* 380 Pa.Super. 458, 552 A.2d 279 (1988) (*en banc* ), this Court explained that a defendant's pre-trial right to disclosure of the Lawrence County Children's Services file was governed by Rule and by Commonwealth jurisprudence. *Id.* at 285. The *Carillion* Court concluded an *in camera* review by the trial court followed by an order directing the Commonwealth to disclose any discoverable material was in keeping with Rule 573 and applicable jurisprudence. *Id.* at 286; *see also Commonwealth v. Byuss,* 372 Pa.Super. 395, 539 A.2d 852, 853 (1988) (records of victim's psychiatric and psychological examination produced for *in camera* review prior to trial).

In *Commonwealth v. Miller,* 406 Pa.Super. 206, 593 A.2d 1308 (1991), the trial court ordered Community Resources of Fayette County, Inc., a rape crisis center, to produce records for an *in camera* review. This Court concluded the trial court had authority, by virtue of its subpoena power pursuant to 42 Pa.C.S.A. § 5905 and Pa.Crim.P. 9106 (current Rule 107), to order the non-party rape crisis center to produce records pertaining to the alleged

any, access the Defendant may have to these records.
Order, 7/19/13.

**3.** Rule 313 of the Pennsylvania Rules of Appellate procedure permits immediate appeals from an order "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Rule 313(b) plainly applies here. The discoverability of CRC's docu-

ments is separable from and collateral to the determination of Berger's criminal culpability for the alleged offenses. CRC asserts the documents contain confidential medical information that is not subject to discovery, and that alleged victims' right to privacy in those documents will be irreparably lost if those documents are produced and used at a public trial. These circumstances warrant application of the collateral order doctrine. *Commonwealth v. Harris,* 612 Pa. 576, 32 A.3d 243 (2011); *Commonwealth v. Makara,* 980 A.2d 138, 140–41 (Pa.Super.2009).

victim. *Id.* at 1310–11.[4] The trial court has authority, pursuant to the foregoing, to direct a nonparty such as CRC, to produce records relevant to a criminal prosecution.

We must next consider whether the trial court properly exercised that authority in this case. The threshold issue, according to the parties, is whether CRC acted as an agent of the Commonwealth. If CRC acted as an agent of the Commonwealth in conducting its interviews of the alleged victims, then CRC's records of those interviews are discoverable. If, as CRC contends, it simply provided treatment to the alleged victims, then its records are not discoverable.

Our legislature has enacted various statutory privileges to protect communications from a patient to a professional in the course of treatment. For example, the psychotherapist/client privilege is codified at 42 Pa.C.S.A. § 5944.[5] Similarly, § 5945.1 protects confidential communications made to rape crisis counselors. We addressed § 5944 in *Commonwealth v. Simmons*, 719 A.2d 336 (Pa.Super.1998). In *Simmons*, the trial court ordered Mentor Clinical Care ("Mentor") to produce the complete mental health files of the alleged victim of sexual abuse for *in camera* review. *Id.* at 337. Mentor provided services to at risk children referred by the Philadelphia County Department of Human Services. *Id.* Mentor created a service plan for each child devised by a licensed psychiatrist and implemented by a treatment team including the psychiatrist, a social worker, and several others. *Id.* at 337–38.

Mentor appealed, asserting many of its files were protected by § 5944. *Id.* at 337. We noted that where § 5944 applies, it creates an absolute privilege and thus protects information-including files documenting confidential communications-from disclosure, even from *in camera review*. *Id.* at 341 (citing *Commonwealth v. Kyle*, 367 Pa.Super. 484, 533 A.2d 120 (1987), *appeal denied*, 518 Pa. 617, 541 A.2d 744 (1988)). We also observed that the privilege applies to "information given by the client to the psychotherapist in the course of treatment," but not to "opinion, observations, diagnosis, or treatment alternatives particularly when such information finds its way beyond the client's personal file." *Id.*

Drawing an analogy to the attorney/client privilege, the *Simmons* Court

---

**4.** The Court remanded for a determination of whether 42 Pa.C.S.A. § 5945.1, governing confidential communications to sexual assault counselors, protected any of the information. *Id.* at 1312. In *Miller*, as in this case, the defendant filed a motion asking the trial court to compel disclosure of records and information. *Id.* at 1308. The trial court issued an order directing the rape crisis center to appear and produce records. *Id.* We considered the order an exercise of the trial court's subpoena power, though neither defendant nor the trial court apparently relied on the statutory provisions governing subpoenas.

The case on appeal is procedurally unusual, in that Berger asked the trial court to direct its order to the Commonwealth, and the trial court entered an order directing CRC to produce the material in question. Nonetheless, CRC was given notice and an opportunity to respond and the trial court's order is within the subpoena power set forth Pa.R.Crim.P. 107. We discern no procedural error that warrants reversal of the trial court's order.

**5.** That section reads:

No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944.

concluded that any statements the alleged victim made to the team for purposes of obtaining treatment fell under the privilege, just as statements to an agent of an attorney are privileged. *Id.* at 343. However, any records that did not contain communications made by the alleged victim to her treatment team were not protected under § 5944. *Id.* 344. On remand, we directed the trial court to conduct an *in camera* review of the files not protected by § 5944 to ascertain whether they were discoverable. *Id.* at 344–46.

Likewise, in *Commonwealth v. Kyle,* 367 Pa.Super. 484, 533 A.2d 120 (1987), *appeal denied,* 518 Pa. 617, 541 A.2d 744 (1988), the defendant made pretrial requests to inspect the records of the psychologist with whom the victim sought treatment. The trial court denied the request pursuant to § 5944 and the defendant was convicted at trial. *Id.* at 123. We concluded that the trial court's pretrial ruling did not hamper the defendant's ability to cross-examine the victim at trial. *Id.* at 124–25. Moreover, the privilege set forth in § 5944 is necessary to encourage those in need to seek treatment:

> It is, thus, beyond question that the public interest is served by encouraging clients to seek treatment. The privilege afforded by § 5944 was intended to inspire confidence in the client and to encourage full disclosure to the psychologist. By preventing the latter from making public any information which would result in humiliation, embarrass-

ment or disgrace to the client, the privilege is designed to promote effective treatment and to insulate the client's private thoughts from public disclosure. *Id.* at 128. Importantly, application of § 5944 does not disadvantage the defense, because the prosecution will not have access to the contents of a file that is absolutely privileged. *Id.* at 130.

Similarly, in *Commonwealth v. Wilson,* 529 Pa. 268, 602 A.2d 1290, 1294–95 (1992), *cert. denied,* 504 U.S. 977, 112 S.Ct. 2952, 119 L.Ed.2d 574 (1992), the Pennsylvania Supreme Court held that § 5945.1[6] protects communications from a victim to a rape crisis counselor are protected to the same extent as statements from a patient to a psychotherapist. In other words, § 5945.1(b) creates an absolute privilege.

In the case of an agency with some investigatory role, the potential for discovery of agency records is greater. In *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the defendant served a subpoena on the local child welfare services department seeking records pertaining to the victim. The Supreme Court noted, "the Commonwealth of Pennsylvania has established Children and Youth Services (CYS), a protective agency charged with investigating cases of suspected mistreatment and neglect." *Id.* at 43, 107 S.Ct. 989. The Child Protective Services Law (currently codified at 23 Pa. C.S.A. § 6301, *et. seq.*), provides that reports of child abuse made pursuant thereto are to remain confidential unless otherwise

---

**6.** Section 5945.1(b) reads:

**(b) Privilege.**

(1) No sexual assault counselor or an interpreter translating the communication between a sexual assault counselor and a victim may, without the written consent of the victim, disclose the victim's confidential oral or written communications to the counselor nor consent to be examined in any court or criminal proceeding.

(2) No coparticipant who is present during counseling may disclose a victim's confidential communication made during the counseling session nor consent to be examined in any civil or criminal proceeding without the written consent of the victim. 42 Pa.C.S.A. § 5945.1(b).

provided. 23 Pa.C.S.A. § 6339. Section 6340 provides that reports can be made available to a court of competent jurisdiction pursuant to court order or subpoena. 23 Pa.C.S.A. § 6340. Comparing the statutory framework of the Child Protective Services Law to § 5945.1(b), the Supreme Court concluded CYS does not have absolute privilege to shield its patient files from disclosure. *Ritchie*, 480 U.S. at 57–58, 107 S.Ct. 989. On the other hand, a "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files." *Id.* at 58, 107 S.Ct. 989. Thus, an *"in camera* review by the trial court will serve [the defendant's] interest without destroying the Commonwealth's need to protect the confidentiality of those involved in child-abuse investigations." *Id.* at 61, 107 S.Ct. 989.

■ The parties to this appeal dispute the status of CRC. CRC asserts it is part of Pinnacle Health, a private medical provider. Berger argues CRC is a Commonwealth agent, and that it interviewed the alleged victims at the behest of the Commonwealth.

Nothing in the record indicates CRC was organized pursuant to the Child Protective Services Law, and we have no reason to doubt CRC's assertion that it is a part of Pinnacle Health, a private health care provider. Nonetheless, the record fails to support CRC's assertion that the alleged victims went to CRC for treatment. The record indicates that investigating police officers observed the alleged victims' interviews and relied on informa-

tion gleaned from those interviews in affidavits of probable cause in support of search warrants and in support of the Commonwealth's criminal complaint against Berger. Affidavit of Probable Cause, 6/1/11; Affidavit of Probable Cause, 6/13/11; Criminal Complaint, 11/2/11. The affidavits refer to CRC personnel as "forensic" interviewers. *Id.* The presence of multiple parties, including police officers, observing a video-recorded interview strongly undermines CRC's privacy argument.[7] Also, the record confirms the Commonwealth was in possession of at least portions of CRC's files, including videos of the alleged victims' interviews. Presumably, it obtained that evidence directly from CRC. This would violate the absolute privilege of §§ 5944 or 5945.1, if either privilege applied to materials in the Commonwealth's possession.

In any event, the record contains limited information concerning CRC's involvement in this case. The aforementioned affidavits of probable cause document a police officer's presence at or observation of an interview of two of the four alleged victims, S.P. and D.P. As explained above, Berger filed six separate petitions for disclosure of records pertaining to interviews of the four alleged victims (two of the children were interviewed twice). While CRC certainly has not established its authority to protect its records from disclosure, we cannot discern the extent to which disclosure is permissible or required.

Under the circumstances, we remand to the trial court for issuance to CRC of a

7. Based on the state of the record as it pertains to the alleged victims' interviews, CRC's arguments seem suspect. In addition, CRC's website reflects the following: "The Children's Resource Center, located in Harrisburg, PA, partners with law enforcement, district attorney's offices, social services, psychological support services, crisis interven-

tion, and child protection services to provide efficient, quality care in a safe, child-friendly environment for children suspected of having been abused or neglected." http://www. pinnaclehealth.org/Locations–Directories/ Pediatrics/Children'sResourceCenter.aspx (last visited June 19, 2014).

rule to show cause why it should not be required to produce its documents for an *in camera* inspection. Once it receives CRC's response, the trial court may proceed as necessary to develop the record as to CRC's role in the Commonwealth's investigation of this matter. Specifically, the trial court should determine whether CRC is a private medical provider, or has acted in aid of the Commonwealth. If the former, disclosure of the alleged victims' records is highly proscribed, as set forth above. If the latter, then Berger is entitled to discovery of some or all of CRC's records concerning the alleged victims, and the trial court should conduct an *in camera* review to ascertain which parts of the CRC records are discoverable. The trial court may, if necessary, appoint guardians *ad litem* to protect the alleged victims' privacy interests. *See Makara,* 980 A.2d at 142 n. 4.

Order vacated. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.