J-A30039-14

2015 PA Super 97

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

T.J.W., JR.

APPEAL OF: C.W., A MINOR

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1351 EDA 2014

Appeal from the Order April 1, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0002128-2012

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.[*]

OPINION BY PLATT, J.: **FILED APRIL 24, 2015**

Appellant, C.W., appeals from the order directing her counsel to provide certain mental health treatment records for *in camera* inspection by the trial court to determine if the materials at issue are privileged. Appellant argues that the court erred because the records are protected from release by 42 Pa.C.S.A. § 5944, confidential communications to psychiatrists or licensed psychologists. We find that the claim of privilege, to prevent *in camera* inspection, was waived. The trial court properly ordered production for *in camera* examination to determine whether privilege applies to prevent further disclosure. Accordingly, we affirm the order and remand.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This is an interlocutory appeal.[1]  The underlying case has a somewhat convoluted as well as protracted history.  We summarize the facts most pertinent to the issues raised in this appeal.  (For a more detailed history of the case, **see** Trial Court Opinion, 6/10/14, at 2-4; **see also** Trial Court Opinion and Order, 4/05/13, at 1-9).

Appellee, T.J.W. Jr. (Appellee T.J.W.),[2] is charged with rape by forcible compulsion, involuntary deviate sexual intercourse, aggravated indecent assault and related charges.  Appellant, the complainant, is his natural (biological) daughter.  In 2011, Appellant, then nineteen, accused her father

---

[1] The parties do not dispute that the April 1, 2014 order, requiring the production of Appellant's mental health records, alleged to be confidential and privileged, in a criminal matter, is appealable as a collateral order.  **See Commonwealth v. Simmons**, 719 A.2d 336, 339 (Pa. Super. 1998); **Commonwealth v. Miller**, 593 A.2d 1308, 1309-10 (Pa. Super. 1991); **see also** Pennsylvania Rule of Appellate Procedure 313, which provides in pertinent part that:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

[2] The Commonwealth has also filed a brief in this appeal, urging this Court to reverse the trial court.  (**See** Commonwealth's Brief, at 11).  Although the Commonwealth has captioned its brief as "Brief for Appellee," it also states that it "joins as a co-appellant." (**See id.** at 10).  To avoid confusion of terminology, we will refer to T.J.W. as Appellee T.J.W. and the Commonwealth simply as the Commonwealth.

of rape, sexual molestation, and related acts beginning when she was four-and-a-half years old, until she was seventeen.[3] The Pennsylvania State Police trooper investigating Appellant's charges had her sign releases and obtained records from various psychiatric and mental health treatment providers.

Appellant testified at a preliminary hearing that over the twelve year time span, Appellee T.J.W., engaged in six to eight acts of oral, vaginal and anal intercourse with her, as well as digital penetration and other inappropriate touching, without her consent. (*See* N.T., Preliminary Hearing, 6/08/12, at 11-28).

Appellant further testified that she always remembered the first incident, when she was about four and her father had her perform oral sex on him in his shower. (*See id.* at 43). However, on cross-examination, she also testified that she blocked out the memories of the other later incidents until she was nineteen. (*See id.* at 50). At that time, she began receiving amorous emails from one of her college professors, who apparently was trying to pursue her romantically (Appellant says he "hit on" her), telling her

_____

[3] The caption designation of Appellant as a minor may be confusing without a further clarification. Appellant was born in February of 1992. (*See* N.T. Preliminary Hearing, 6/08/12, at 8). Therefore, while Appellant alleges various sexual assaults by Appellee T.J.W. when she was a minor, by the time she made the complaint on which these charges are based she had attained the age of majority. (*See id.*; *see also* Trial Ct. Op., 6/10/14, at 1 n.1).

she was beautiful and that she made his wife jealous. (*Id.* at 50-51; *see also* Appellant's Brief, at 37 n.8).

Appellant stated that these emails from a man about her father's age who also told her she was beautiful and treated her "in a sexual nature" triggered memories by which she gradually recalled her father's other sexual assaults. (N.T. Preliminary Hearing, at 51; *see also id.* at 56-57).

Appellee T.J.W. denies the charges. He maintains that Appellant's recovered memories are false. He asserts that they were induced by controversial techniques employed during Appellant's course of psychotherapy. He argues that the process of recovering repressed memories of childhood sexual abuse is unproven and unreliable.[4] Appellee also argues in his brief, as he did at oral argument, that Appellant's counsel's agreement to a stipulated order, and subsequent refusal to submit the documents to the trial court, raises the inference that "the files contain exculpatory evidence that contradicts or undermines [Appellant's] version of the facts." (Brief of [ ] Appellee [T.J.W.], at 34).

Appellee T.J.W. also filed an omnibus pre-trial motion and served subpoenas on several of Appellant's mental health treatment providers.

---

[4] We note that Judge Nagle granted the Commonwealth's motion *in limine* to exclude the testimony of Appellee T.J.W.'s proposed expert on the issue of repressed memory, if "offered to challenge the credibility of" Appellant. (Order, 9/06/13).

(*See* Trial Ct. Op., 6/10/14, at 2). The Commonwealth filed a motion to quash the subpoenas. (*See* Commonwealth's Motion to Quash Subpoenas, 9/04/12). On November 30, 2012, counsel entered his appearance to represent Appellant and filed another motion to quash on her behalf. Appellee T.J.W. withdrew the subpoenas, but apparently served another set later. Eventually, the parties to the litigation and counsel for Appellant reached an agreement, and the court entered an order with accompanying opinion on April 5, 2013. (*See* Opinion and Order of Court, 4/05/13).

On December 5, 2013, the trial court filed another order.[5] This order directed Appellant's treatment providers to submit their records to her counsel, who would redact any information asserted to be privileged, and prepare a privilege log, both to be forwarded to the trial court. The court directed counsel to forward a copy of the privilege log (only) to Appellee T.J.W. and to the Commonwealth.

Counsel for Appellant eventually submitted a response.[6] Appellee T.J.W. filed a motion to strike, asserting that the submission was not

---

[5] The trial court notes that this order was based on a stipulation. (*See* Trial Ct. Op., 6/10/14, at 3). The court also notes that at all times pertinent to the stipulated order the parties and Appellant were represented by counsel. (*See id.* at 3 n.5).

[6] On January 24, 2014, this case was re-assigned from Senior Judge Ronald C. Nagle to the Honorable Anne Marie Wheatcraft, who continues to preside over the proceedings in the trial court. (*See* Order, 1/24/14; *see also* Appellant's Brief, at 9).
*(Footnote Continued Next Page)*

compliant with the order. On April 1, 2014, after a hearing, the trial court filed another order, the order on appeal here, directing Appellant's counsel to produce and deliver to the trial court redacted mental health treatment records and privilege logs pursuant to the terms of the stipulated order of December 5, 2013.[7] (**See** Order, 4/01/14, at 1-2). Instead, counsel for Appellant filed the instant timely appeal, on April 25, 2014.[8]

Appellant presents seven questions for our review:

1. Does the privilege contained in 42 Pa.C.S. [§] 5944 prohibit the disclosure by a psychiatrist or psychologist of all information acquired in the course of treatment of a patient without the consent of the patient?

2. Does the privilege contained in 42 Pa.C.S. [§] 5944 prohibit the disclosure by a psychiatrist or psychologist of communications from the therapist to the patient during treatment without the consent of the patient?

3. May the Commonwealth and/or the defendant in a criminal case issue subpoenas to non[-]parties, including the victim of a child sexual assault case and her mental health treatment providers, for the sole purpose of obtaining pre-trial discovery?

_(Footnote Continued)_ _____

[7] The order also directed, _inter alia_, that Appellant's counsel provide a privilege log, identifying any redactions and describing the basis for any privilege asserted, to Appellee T.J.W. and to the Commonwealth. (**See** Order, 4/01/14, at 1-2). The court impounded the order to protect the identity of the complainant, Appellant. (**See _id._** at 2, ¶ D).

[8] Counsel filed a statement of errors on May 19, 2014. The trial court filed an opinion on June 10, 2014. **See** Pa.R.A.P. 1925.

4. Where a proper [m]otion to [q]uash is filed, should a subpoena directed to a treating psychologist or psychiatrist of a crime victim be quashed as overbroad under circumstances where the victim has not consented to disclosure, and the subpoena explicitly requires the production of records protected by 42 Pa.C.S. [§] 5944?

5. Where a proper [m]otion to [q]uash is filed, should a subpoena directed to a treating psychologist or psychiatrist of a crime victim be quashed as overbroad under circumstances where the victim has not consented to disclosure, and the subpoena requires the production of extremely personal information not limited with respect to time period or subject matter to materials relevant to the criminal case for which they were subpoenaed?

6. In a case where a treating psychiatrist or psychologist has testified that the contents of their records of treatment of a crime victim are protected by 42 Pa.C.S. [§] 5944, and there is no contrary evidence in the record, may the [c]ourt require the disclosure of those records?

7. May a psychiatrist or psychologist who has provided professional services on behalf of a patient be examined in a criminal case about information acquired in the course of treatment in the absence of the written consent of the client, and over her explicit objection?

(Appellant's Brief, at 4-5).

Preliminarily, we note that Appellant's third, fourth, fifth and seventh questions address whether the outstanding subpoenas should be quashed. However, Appellant concedes that the trial court did not enter an order concerning the motions to quash. (*See id.*).[9]

_____

[9] Moreover, in the argument section for the seventh question, Appellant concedes that "the issue is not presented in this case[.]" (Appellant's Brief, at 42-43).

Therefore, none of these questions properly raise an issue concerning a final, or otherwise appealable, order. An issue before this Court is moot if in ruling on it the Court cannot enter an order that has any legal force or effect. **See In re J.A.**, 107 A.3d 799, 811 (Pa. Super. 2015). This Court does not render advisory opinions. **See id.**; **see also** Pa.R.A.P. 341 (providing for appeals from final orders); Pa.R.A.P. 313 (providing for appeals from collateral orders). Accordingly, these four questions are moot, and we decline to address them.[10]

Appellant's first, second and sixth questions all challenge the trial court's order, citing 42 Pa.C.S.A. § 5944.[11] (**See** Appellant's Brief, at 4-5).

_____

[10] In any event, the over-arching claim, that the issuance of a subpoena in a criminal case for pre-trial discovery is invalid, is of doubtful merit. **See** Pa.R.Crim.P. 107, Comment ("subpoena shall be used . . . for any . . . stage of the proceedings when a subpoena is issuable"); **see also** **Commonwealth v. Berger**, 96 A.3d 1049, 1051 (Pa. Super. 2014) (trial courts have authority pursuant to subpoena power to order disclosure of files in possession of third party); **Miller**, **supra** at 1311 (trial court had authority by virtue of subpoena power to order non-party rape crisis center to produce records pertaining to alleged victim).

[11] **Confidential communications to psychiatrists or licensed psychologists**

No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same

*(Footnote Continued Next Page)*

- 8 -

With minor variations, the three questions raise the same essential claim — that all information acquired by her psychiatrists or psychologists, including communications from the therapist to Appellant as the patient, and records of treatment, are protected by absolute privilege under section 5944. We address these three questions together.

Where a case involves the proper construction of a statute, our standard of review is *de novo* and our scope of review is plenary. **See Octave ex rel. Octave v. Walker**, 103 A.3d 1255, 1259 (Pa. 2014).

We begin by noting that "[t]he law is clear that a criminal defendant is entitled to know about any information that may affect the reliability of the witnesses against him." **Commonwealth v. Mejia-Arias**, 734 A.2d 870, 876 (Pa. Super. 1999) (quoting **Commonwealth v. Copeland**, 723 A.2d 1049, 1051-52 (Pa. Super. 1998), *appeal denied*, 747 A.2d 897 (Pa. 1999)). Therefore, absent an applicable claim of privilege, if Appellee T.J.W. were able to articulate a reasonable basis for his request, he would have a colorable claim to seek evidence which might show that the complainant's memories were somehow impaired or otherwise unreliable.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944 (footnote omitted).

Tracking the language of section 5944, Appellant argues that the privilege here asserted is "as impenetrable as the attorney-client privilege." (Appellant's Brief, at 11). The trial court concluded that these claims are waived. (*See* Trial Ct. Op., 6/10/14, at 5). After review, we agree.

A privilege can be waived. *See Octave*, *supra* at 1262 (holding patient waived confidentiality protections under Mental Health Procedures Act (MPHA) [50 P.S. § 7111] where, judged by an objective standard, he knew or reasonably should have known his mental health, specifically suicidal tendencies, would be placed directly at issue by filing lawsuit for injuries suffered after he allegedly attempted to commit suicide by jumping under tractor-trailer); *see also Law Office of Douglas T. Harris, Esq. v. Phila. Waterfront Partners, LP*, 957 A.2d 1223, 1232 (Pa. Super. 2008) (holding client implicitly waived attorney-client privilege when his attorney failed to invoke or assert privilege before trial court, and raised issue for first time on appeal).

Here, Appellant, through counsel, agreed to the stipulated order of December 5, 2013. Notably, the trial court (then-presiding Judge Nagle) expressly held that order in abeyance for three days to afford counsel an opportunity to appeal the ruling prior to its entry into effect. (*See* Order, 12/05/13, at 2 ¶ 4). Appellant elected not to do so. (*See* Trial Ct. Op., 6/10/14, at 5 n.6).

Therefore, we conclude that Appellant waived her claim of privilege by agreeing to the stipulated order in December of 2013, and not asserting privilege until over four-and-a-half months later, after the instant order directing compliance with the order from December.

Moreover, the claim would not merit relief. Our Supreme Court has recently explained:

> It must be emphasized that evidentiary privileges have been viewed by this Court to be in derogation of the search for truth, and are generally disfavored for this reason. **See Commonwealth, Department of Transportation v. Taylor**, 576 Pa. 622, 841 A.2d 108, 118 (2004) (Nigro, J., dissenting) ("It is well established that evidentiary privileges . . . are generally disfavored and should be narrowly construed." (citation omitted)); **Commonwealth v. Stewart**, 547 Pa. 277, 690 A.2d 195, 197 (1997) (discussing clergy-communicant privilege, noting courts should accept privileges " 'only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth' " (citation omitted)); **Hutchison v. Luddy**, 414 Pa. Super. 138, 606 A.2d 905, 909 (1992) (" '[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for the truth.' " (quoting **Herbert v. Lando**, 441 U.S. 153, 175, 99 S. Ct. 1635, 60 L.Ed.2d 115 (1979))). The effect of that concern in this case is obvious. Accordingly, we hold a patient waives his confidentiality protections under the MHPA where, judged by an objective standard, he knew or reasonably should have known his mental health would be placed directly at issue by filing the lawsuit.

**Octave**, **supra** at 1262 (footnote omitted).

Similarly here, from our review of the record we conclude that Appellant should reasonably have known (or that counsel would have timely advised her) that the long delay in reporting the persistent memory of the

- 11 -

first incident and the recovery of memories of the intervening incidents, would, *inter alia*, raise an issue of the reliability of the recovered memories.

Appellant argues that the privilege is absolute. (*See* Appellant's Brief, at 16). However, we conclude that especially in the circumstances of this case, Appellant's argument is unpersuasive.

We recognize that some predecessor panels of this Court have analyzed psychiatrist/psychologist-client confidentiality under 42 Pa.C.S.A. § 5944 using the "absolute privilege" terminology adopted here by Appellant. (*See id.* at 14 (citing *Commonwealth v. Kyle*, 533 A.2d 120, 123-25 (Pa. Super. 1987), *appeal denied*, 541 A.2d 744 (Pa. 1988)) (trial court properly denied defendant inspection of rape victim's file of post-attack counseling with licensed clinical psychologist or, alternatively, *in camera* review by court)).

Appellant also argues that our Supreme Court has ruled similarly. She cites *Commonwealth v. Dowling*, 883 A.2d 570, 575 (Pa. 2005), *cert. denied*, 549 U.S. 838 (2006) (holding on direct appeal that trial court properly refused capital murder defendant access to mental health records of prosecution witness, his own thirteen year old daughter, to challenge her competency to testify). (*See* Appellant's Brief, at 15-16, 22, 27-28).

We note that the appellant, Dowling, asserted that the trial court erred by denying him access to the mental health records of his thirteen year-old daughter on the basis that he was on a "fishing expedition designed to

attempt to discredit [his daughter] in any way possible." ***Dowling***, ***supra*** at 575 (record citation omitted).

Dowling sought to assert a generalized challenge to his daughter's competency based on claimed diagnoses of depression, panic disorder and agoraphobia. Our Supreme Court also noted that at trial Dowling could have challenged his daughter's mental health and competency to testify, "but opted not to." ***Id.*** at 576. On review, we find the facts and the holding in ***Dowling*** distinguishable from this case, where Appellee T.J.W., before trial, asserts a specific challenge to the recovered memories of his now-adult daughter.

Furthermore, we note that even in the cases which adopt the "absolute privilege" terminology, there is recognition, often expressly, that the disposition of a claim of privilege involves an impartial assessment of the competing claims. ***See Kyle***, ***supra*** at 129 (concluding "that the **balance tips** in favor of non-disclosure") (emphasis added); ***see also Commonwealth v. Counterman***, 719 A.2d 284, 295 (Pa. 1998), *cert. denied*, 528 U.S. 836 (1999) (statutory privilege in section 5944 "**not outweighed** by either a defendant's Sixth Amendment right to cross-examine a witness or his right to due process of law") (emphasis added) (citations omitted).

Additionally, in ***Simmons*** this Court concluded in pertinent part that "files containing diagnoses, opinions, evaluations, and treatment plans . . .

are not confidential communications from the client covered under § 5944."

***Simmons***, ***supra*** at 344. ***Accord***, ***Commonwealth v. Carter***, 821 A.2d 601 (Pa. Super. 2003). In ***Carter***, Judge (now Justice) Stevens explained:

> In the case *sub judice,* we have no difficulty concluding that the opinions, observations, diagnosis, and treatment alternatives outlined by the professionals who interviewed Appellant during his juvenile detention are not privileged under Section 5944. ***Commonwealth v. G.P.,*** 765 A.2d 363 (Pa. Super. 2000) (holding that opinions formulated by a psychiatrist based on observations are not privileged); ***Id.*** However, we must proceed to determine whether the disclosures made by Appellant to psychiatrists during his juvenile detention are privileged. In doing so, it is necessary to determine to what extent the disclosures were made during the treatment process. ***Id.***

***Id.*** at 608-09 (also citing ***Simmons***, ***supra*** at 341).

Here, as in ***Simmons*** and ***Carter***, remand is required to implement the order and allow the trial court to determine what communications are protected by the privilege claimed. ***See also Pennsylvania v. Ritchie***, 480 U.S. 39, 61 (1987) (plurality) (permitting *in camera* review by trial court of confidential records to determine if they contain material exculpatory to defendant); ***Berger***, ***supra*** at 1055 (remanding to trial court for rule to show cause on *in camera* inspection of victim's records to determine if challenged materials were protected by privilege or discoverable as material produced in support of Commonwealth's investigation) (citing, *inter alia*, ***Simmons*** and ***Ritchie***).

Appellant admits in her brief that the trial court's decision would be supported by this Court's decision in ***Simmons***. (***See*** Appellant's Brief, at

20). However, the brief endeavors to distinguish both **Simmons** and **Carter**. (**See id.** at 21-22). Appellant's arguments are unsupported by reference to any other pertinent authority. (**See id.**). Therefore, we conclude they are waived. **See** Pa.R.A.P. 2119(a), (b). Furthermore, they are unpersuasive.

Appellant argues in the alternative that **Simmons** and **Carter** should be overruled. (**See** Appellant's Brief, at 22). This Court is of course bound by existing precedent under the doctrine of *stare decisis*, and we continue to review appeals before us in accordance with currently controlling precedent. **See Dixon v. GEICO**, 1 A.3d 921, 925-26 (Pa. Super. 2010) (citing cases).

Even though our Supreme Court decided **Octave** based on the Mental Health Procedures Act, rather than section 5944, we conclude here, after review, that the same underlying principles of narrowly construing privileges (as in derogation of the search for truth), and the possibility of waiver apply in this case as well. Appellant's claim of privilege is waived and would not merit relief.

We emphasize for clarity that our decision responds exclusively to the issues properly raised and argued before us in this collateral appeal. We decline to address any other issues. Furthermore, we express no position on the merits, *vel non*, of the underlying prosecution, or on any other collateral issues not specifically addressed here, and none should be inferred.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/24/2015</u>