J-S28033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :   PENNSYLVANIA
                                                   :
                      v.                          :
                                                 :
                                                 :
LOURDES M. RODRIGUEZ,           :
                                                 :
                    Appellant         :      No. 1987 MDA 2017

Appeal from the Judgment of Sentence November 13, 2017
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0002315-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JUNE 29, 2018**

Lourdes M. Rodriguez ("Rodriguez") appeals from the judgment of sentence entered following her conviction of aggravated assault, simple assault, endangering the welfare of children, and recklessly endangering another person.[1]  We affirm.

On March 21, 2015, West Hazleton police officers were called to a home located at 7 West Madison Avenue, West Hazelton Borough, Pennsylvania, based upon a report that a one-year-old female was unresponsive and bleeding from her mouth.  The child was transported via helicopter to Lehigh Valley Hospital, where she was found to have suffered fractures to her right clavicle and right arm, lacerations to her liver and spleen, internal bleeding and a possible contusion to her kidney, as well as facial, chest and abdominal

---

[1] 18 Pa.C.S.A. §§ 2702, 2701, 4304, 2705.

bruising. The treating physician indicated that the injuries were caused by blunt force trauma. Rodriguez, the victim's mother, offered differing stories regarding the origin of the victim's injuries. Ultimately, police arrested Rodriguez and charged her with the above-described crimes.

A jury subsequently found Rodriguez guilty of the above-described crimes. On November 13, 2017, the trial court sentenced Rodriguez to an aggregate prison term of 10 to 20 years, followed by a five-year term of probation. Thereafter, Rodriguez filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Rodriguez presents the following claims for our review:

1. Did the trial court violate [] Rodriguez'[s] rights, as guaranteed by the Fourteenth Amendment to the United States Constitution[,] by conducting an *in camera* review of [Luzerne County] Children and Youth [Services' ("CYS")] records and denying the [d]efense the ability to review these documents?

2. In the event that this Court does not agree that the [d]efense had a right to review these records, then must this Court make an independent review of the trial court's conclusion as to the value of said records in order to satisfy the protections of the Fourteenth Amendment to the U.S. Constitution?

Brief for Appellant at 3.

Rodriguez first argues that the trial court violated her Fourteenth Amendment right to due process when it conducted an *in camera* review of the CYS records, and denied her the ability to review the records. *Id.* at 7. Rodriguez asserts that *in camera* review of the records by the trial court is

- 2 -

"not an appropriate pretrial method of determining whether or not records may be useful to a [d]efense." *Id.* Rodriguez contends that the trial court's reliance on the United States Supreme Court's holding in ***Pennsylvania v. Ritchie***, 480 U.S. 39 (1987), is misplaced. Brief for Appellant at 7. According to Rodriguez, the holding in ***Ritchie*** is not inconsistent with the United States Supreme Court's holding in ***Dennis v. United States***, 384 U.S. 855 (1966), wherein the Supreme Court held that only the defense is in the position to make a determination as to what would be useful to the defense. Brief for Appellant at 7.

In ***Ritchie***, a defendant, who had been charged with sexual offenses involving his minor daughter, subpoenaed the records of a child protective services agency ("the agency"), which then refused to produce the records based upon section 2215(a) (now section 6340(a)) of the Child Protective Services Law ("CPSL"). ***See*** 23 Pa.C.S.A. § 6340(a). Former section 2215(a) of the CPSL authorized the disclosure of child protective services records to specified officials, agencies and individuals, including a "court of competent jurisdiction," but not to a subject of a child abuse report. ***See*** 23 Pa.C.S.A. § 6340(a). The trial court directed the agency to produce the CPS records for an *in camera* review, and, following the completion of that review, concluded that none of the CPS materials were discoverable by the defendant. ***See Commonwealth v. Ritchie***, 472 A.2d 220, 224-25 (Pa. Super. 1984).

On appeal, the defendant in *Ritchie* argued that the trial court's failure to permit inspection of the CPS records by defense counsel violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. The Supreme Court of Pennsylvania agreed, and held that the defendant was entitled to access the agency's entire file relating to his daughter so that determinations regarding what information might be useful to his defense could be made by his advocate, rather than the trial court. ***Commonwealth v. Ritchie***, 502 A.2d 148, 153-54 (Pa. 1985).

After granting *certiorari*, the United States Supreme Court concluded that the Pennsylvania Supreme Court had erred in holding that defense counsel must be allowed to examine the CPS files. ***Ritchie***, 480 U.S. at 59. The Supreme Court reasoned that, "although the eye of an advocate may be helpful to a defendant in ferreting out [exculpatory] information, … this [C]ourt has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information." ***Id.*** (citation omitted).

> To allow full disclosure to defense counsel in this type of case would sacrifice unnecessarily the Commonwealth's compelling interest in protecting its child-abuse information. If the CYS records were made available to defendants, even through counsel, it could have a seriously adverse effect on Pennsylvania's efforts to uncover and treat abuse. Child abuse is one of the most difficult crimes to detect and prosecute, in large part because there often are no witnesses except the victim. A child's feelings of vulnerability and guilt and his or her unwillingness to come forward are particularly acute when the abuser is a parent. It therefore is essential that the child have a state-designated person to whom she may turn, and to do so with the assurance of

confidentiality…. The Commonwealth's purpose would be frustrated if this confidential material had to be disclosed upon demand to a defendant charged with criminal child abuse, simply because a trial court may not recognize exculpatory evidence. Neither precedent nor common sense requires such a result.

*Id.* at 60-61.

Based upon the United States Supreme Court's holding in ***Ritchie***, we discern no due process violation here, where the trial court examined CYS's records and determined that they would provide no exculpation. ***See*** Trial Court Opinion, 1/9/18, at 3.[2] Accordingly, we cannot grant Rodriguez relief on this claim.

In her next claim, Rodriguez argues that this Court must undertake "an independent review of the trial court's conclusions as to the value of [CYS's] records in order to satisfy the protections of the Fourteenth Amendment[.]" Brief for Appellant at 9. However, Rodriguez did not present this claim in her court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Accordingly, it is waived. ***See*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); ***see also Commonwealth v. Barnhart***, 933 A.2d 1061, 1066 n.10 (Pa. Super. 2007)

---

[2] ***Cf. Commonwealth v. Bergeri***, 96 A.3d 1049*,* 1055 (Pa. Super. 2014) (citing, *inter alia*, ***Ritchie***, and remanding for issuance of a rule to show cause why the agency should not produce the victim's records for *in camera* inspection in order to determine if the materials were protected by privilege, or discoverable).

(indicating that an appellant's failure to include an issue in a Pa.R.A.P. 1925(b) concise statement results in the waiver of the issue).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2018